OPINION OF THE COURT
Per Curiam.
 The question we confront today is that expressly left open in People v Hodge (53 NY2d 313): whether harmless error analysis applies to the failure to provide counsel to a criminal defendant at a preliminary hearing pursuant to CPL 180.10. While harmless error analysis is inapplicable to alleged errors depriving a defendant of effective assistance of counsel at his trial or generally during the course of his prosecution, we conclude that in the limited circumstances of a preliminary hearing intended only to determine whether a defendant may be held over for action by the Grand Jury, *131 harmless error analysis is applicable. We further conclude that in the circumstances of this case, the error was harmless beyond a reasonable doubt. Accordingly, we affirm the order of the Appellate Division upholding defendant’s conviction.
I
The charges against defendant arose out of his alleged attacks upon several women in the dormitories at the State University of New York Technical Institute at Cobleskill (SUNY) in Schoharie County. Although considerably older than the average student, defendant had matriculated the university and was well known by some members of the student body. On October 3, 1986, between 5:35 a.m. and 6:20 a.m., defendant unlawfully entered four dormitory rooms occupied by female students, touched them, fondled them and, in one instance, attempted a rape. Defendant was identified later that morning by one of the victims, who picked out his photograph from a series of student photographs at the office of campus security. He was arrested that afternoon and arraigned in the local criminal court.
On October 9, 1986, a preliminary hearing was held to determine whether defendant could be held for action by the Grand Jury (CPL 180.10). Although defendant requested counsel at his arraignment, no attorney had been appointed by the day of the hearing. Nevertheless, the hearing court decided to proceed. At the hearing one of the victims and the school’s director of public safety testified for the prosecution. The victim testified that on the morning of October 3, 1986, she awoke to find a man lying naked in the bed beside her while fondling her. She further testified that she ran out of the room, but, concérned about her roommate, she returned and told the man to leave. He complied and she then reported the incident to a resident advisor, the dorm director and the university office of public safety. She viewed five photographs at the office of public safety and identified the defendant. William Mercier, the director of public safety, testified as to the five photographs the victim viewed and that she chose the defendant’s photograph. Defendant did not cross-examine either witness, object to the prosecutor’s questions or call any witnesses on his own behalf. The court ruled that he was to be held for action by the Grand Jury.
Defendant was tried and convicted on all the counts in the indictment returned by the Grand Jury — first degree at *132 tempted rape, second degree burglary and third degree sexual abuse. The public safety director, but not the victim, testified at the Wade hearing although both testified at the trial. The victim’s trial testimony was completely consistent with her testimony at the preliminary hearing.
On appeal to the Appellate Division, defendant argued, for the first time, that the hearing court erred in conducting the preliminary hearing in the absence of his attorney. That court concluded that the issue was unpreserved, but held that, in any event, the error was harmless beyond a reasonable doubt. Defendant appeals by leave of a Judge of this court, and we now affirm.
II
Unquestionably, the denial of counsel to defendant at his preindictment preliminary hearing was error of constitutional dimension (Coleman v Alabama, 399 US 1) and a statutory violation as well (CPL 180.10 [3]). Contrary to the conclusion of the Appellate Division, the error is preserved for our review. The record reveals that the defendant requested counsel at his arraignment and the statements of the Village Justice at the time of the CPL 180.10 hearing establish that the Justice was fully aware of the error in proceeding with the hearing in the absence of counsel for the defendant. The question presented for our review then, is whether such an error is per se reversible or whether it may be subject to harmless error analysis.
Defendant argues that our decision in People v Hodge (53 NY2d 313, supra) mandates a new trial in every instance where a defendant is denied his right to counsel at a CPL 180.10 preliminary hearing. This argument, however, misreads Hodge, which expressly left open the question of whether harmless error analysis was applicable to the denial of effective assistance of counsel at such a preliminary hearing (id., at 320). In Hodge, we distinguished a deprivation of counsel at a CPL 180.10 hearing from a denial of effective assistance of counsel at trial, reasoning that the latter right is " 'too fundamental’ ” to permit speculations as to the presence or absence of prejudice (id., quoting Glasser v United States, 315 US 60, 76). This is because unlike other trial errors, a denial of effective assistance of counsel at trial invalidates the trial itself (People v Felder, 47 NY2d 287, 296). Similarly, we have held that denial of a defendant’s access to *133 his attorney for a period of 30 days after his arraignment denies the defendant his fundamental right to a fair trial and therefore is not subject to harmless error analysis (People v Hilliard, 73 NY2d 584).
The denial of counsel at a preindictment preliminary hearing, however, does not necessarily invalidate the trial. Pursuant to CPL 180.10 (1), the purpose of the hearing is to determine whether or not the defendant may be bound over for action by the Grand Jury on the charges in the felony complaint. If a defendant prevails at the hearing, he must be released and the felony complaint dismissed, but the Grand Jury is nevertheless free to indict upon its independent determination that there is legally sufficient evidence that crimes have been committed and reasonable cause to believe that the defendant committed the crimes charged (CPL 190.65 [1]; People ex rel. Hirschberg v Close, 1 NY2d 258, 261). The trial therefore, is unaffected by the outcome of the hearing. While we have recognized that, as a practical consequence of a CPL 180.10 hearing, defense counsel may be afforded some discovery benefits (People v Hodge, 53 NY2d, at 318), any demonstrated prejudice in this regard would lead to a determination that the error was not harmless; it does not mandate the conclusion that every deprivation of counsel at such a hearing invalidates the subsequent trial and therefore cannot be harmless. Indeed, those same discovery benefits were noted by the Supreme Court in Coleman v Alabama and the court determined nevertheless that in an appropriate case, such a deprivation of counsel could be harmless error (399 US, at 11, supra). We decline to adopt a contrary rule as a matter of State law and conclude that in this limited circumstance, harmless error analysis is applicable.
We turn, then, to the question of whether the error in this case is harmless. Since the denial of counsel at a preliminary hearing violates the Constitution, the standard is whether the error is harmless beyond a reasonable doubt because there is no reasonable possibility that the error might have contributed to defendant’s conviction (Chapman v California, 386 US 18, 23; People v Crimmins, 36 NY2d 230, 237; see also Coleman v Alabama, 399 US, at 11, supra).
Defendant does not argue, nor can he, that the outcome of the hearing — a determination that he was to be held for action by the Grand Jury — in any way affected the trial. Nor does he argue that the absence of his attorney at the hearing *134 deprived him of any discovery benefit such as those implicated in People v Hodge (supra). Rather, he argues that because his attorney was not present to cross-examine the two witnesses at the hearing, he was not able to "pin down” their testimony for the purposes of impeachment later at the trial, and in the case of Mercier, at the Wade hearing as well. Mercier’s testimony at the Wade hearing, however, fully explored the identification issue and at that time, defense counsel fully cross-examined Mercier on the subject. Thus, any inconsistencies in his testimony were revealed at the Wade hearing, and defense counsel was able to use that testimony for impeachment purposes at the trial. In fact, no significant inconsistencies were revealed and defendant’s argument of the possibility of an inconsistency sufficient to negate the verdict is sheer speculation.
Similarly, the contention that a devastating inconsistency in the victim’s testimony might have been revealed at the hearing, used to impeach her testimony at the trial, and changed its outcome, is wholly speculative. Although the victim’s trial testimony as to the crime was more detailed than her hearing testimony, the accounts were completely consistent. The trial testimony established that on the morning of October 3, 1986, defendant entered the dormitory rooms of seven female students and subjected them to various forms of sexual contact without their consent. The victim whose testimony is at issue here established that defendant entered her room without consent, fondled her and attempted to rape her before she could push him away. Defendant’s pen and underwear were retrieved from the victim’s bed and her testimony was corroborated by the testimony of her roommate. In light of this overwhelming evidence of defendant’s guilt, there is no reasonable possibility that the absence of defense counsel at the preindictment preliminary hearing contributed to defendant’s conviction.
Finally, the suggestion that reversal is required because had he had the advice of counsel, defendant might not have appeared at the preliminary hearing to be identified is without merit. The hearing identification was not admitted at the trial and thus did not contribute to defendant’s conviction.
We conclude that the error was harmless beyond a reasonable doubt and accordingly the order of the Appellate Division should be affirmed.