(October 4, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. PERKINS, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered July 24, 1989, convicting defendant upon his plea of guilty of three counts of the crime of burglary in the third degree.

The only issue to be resolved on this appeal is whether the failure of the People to notify defendant's counsel of the time and place of an examination by their expert to determine defendant's competency to stand trial denied defendant his 6th Amendment right to counsel and of the right of an effective cross-examination of the witness against him.

A brief recitation of the relevant facts is necessary to resolve this issue. Upon application of defendant's counsel, a court-ordered examination of defendant by two qualified psychiatrists was held on March 23, 1989. Neither defendant's counsel nor a representative of the People was present during that examination. Upon receipt of the psychiatrist's report, which found defendant to be an incapacitated person within

the meaning of CPL article 730, the People, on March 24, 1989, requested a hearing to be preceded by an additional examination by their own experts. The hearing was set for April 6, 1989 but adjourned, at the request of the People, to a date subsequent to April 24, 1989. In open court and in the presence of the Assistant District Attorney, defense counsel specifically requested that he be notified of the date and time of any such examination of defendant and that he be provided with a copy of any report of the examination. Thereafter, a number of difficulties were encountered by the prosecution in attempting to arrange for the examination of defendant by their experts in preparation for the hearing which was scheduled for April 26, 1989. Ultimately, and at the last minute, it was determined that the experts sought by the prosecution, who were in Rochester, were unavailable. Accordingly, arrangements were made for the examination to be conducted by a local psychiatrist, Dr. Herman Berliss, at the Chemung County Jail on April 25, 1989.

The examination occurred at the designated time and place, but without notice to counsel for defendant and in the absence of representatives of defendant or the prosecution. However, prior to the scheduled hearing the following day, a detailed report was submitted by Dr. Berliss and a copy was provided to defendant's counsel. Defendant's counsel voiced strong objection to his lack of notice and requested that Dr. Berliss be prohibited from testifying at the hearing and that defendant be afforded the right of further psychiatric examination since Dr. Berliss found defendant to be a malingerer and fully competent to stand trial. Defendant's objection was noted, his request for further examination was denied, but an adjournment was granted until May 12, 1989 for the testimony of Dr. Berliss so that counsel could examine the reports and records and prepare for cross-examination. All the records and reports previously made available to Dr. Berliss for his examination were turned over to defendant's counsel.

At the ensuing hearing on May 12, 1989, defendant's counsel conducted a searching and exhaustive cross-examination of Dr. Berliss, inquiring into every detail of his report and the basis for his findings. Thereafter, in a written decision, County Court found defendant capable to stand trial. Pretrial negotiations followed which resulted in the plea of guilty by defendant to three counts of burglary in the third degree in full satisfaction of a 29-count indictment. At the subsequent plea allocution conducted by the court prior to sentencing, defendant described in clear and coherent detail the circumstances

of each and every crime to which he pleaded guilty and acknowledged that his plea was completely voluntary and that he fully understood all of the present proceedings and the consequences thereof. Thereupon sentence was imposed and this appeal ensued.

It is established law in this State that the prosecution must furnish the defense notice of the date, time and place of a psychiatric examination of a defendant so that counsel may be present at the examination *(People v Cerami,* 33 NY2d 243, 248). Although the right to have counsel present is of constitutional dimensions, representation at the examination is limited to that of an observer and counsel may not advise defendant, make objections or take an active role in the examination. This presence of counsel is for the purpose of making more effective the basic right of cross-examination of the expert witness *(Matter of Lee v County Ct.,* 27 NY2d 432, *cert denied* 404 US 823). Nevertheless, it is clear that in this case, the failure of the prosecution to provide the requisite notice of the date, time and place of the examination to defense counsel was error. However, finding error does not end our inquiry. The next question is whether that error deprived defendant of a fair trial such that it is not subject to harmless error analysis *(see, People v Wicks,* 76 NY2d 128; *People v Crimmins,* 36 NY2d 230).

In *People v Wicks (supra),* the Court of Appeals held that in the limited circumstances of a preliminary hearing to determine whether a defendant may be held for the Grand Jury, the failure to comply with a defendant's request for counsel is subject to the harmless error analysis *(supra,* at 132). The court concluded that the denial of the right to counsel at a preliminary hearing did not violate defendant's fundamental right to a fair trial, since the trial itself would be unaffected by the outcome of the hearing. The reasoning was that if a defendant prevailed at a preliminary hearing, the complaint would be dismissed and the defendant released. Nevertheless, the court noted that the Grand Jury could, upon its own independent determination, thereafter return an indictment against the defendant if legally sufficient evidence was presented to it *(supra,* at 133).

Applying the same logic to the matter at hand, we conclude that the lack of notice of the date, time and place of the People's psychiatric examination of defendant is subject to harmless error analysis. In these circumstances, if after a hearing, the trial court is satisfied that the defendant is not an incapacitated person, the criminal action must proceed and

the issue of the defendant's competency may be raised at trial and determined by a jury upon interposition of the defense of mental disease or defect (see, Penal Law § 40.15). On the other hand, if the court is satisfied that the defendant is an incapacitated person, there is no trial. The court must then issue a final order of observation and commitment (see, CPL 730.50 [1]). In either event, there is no demonstrative prejudice to defendant, for the trial itself is unaffected by the outcome of the hearing (see, People v Wicks, supra, at 133).

Consequentially, applying such analysis, we find that the error herein is harmless beyond a reasonable doubt because there is no reasonable possibility that such error might have contributed to defendant's conviction (see, Chapman v California, 386 US 18, 23; People v Crimmins, 36 NY2d 230, 237, supra; see also, Coleman v Alabama, 399 US 1, 11). The extensive cross-examination of the People's expert witness at the hearing eliminated any genuine claim of prejudice, for it is quite obvious that defendant's counsel was fully prepared to proceed in view of his searching, comprehensive cross-examination of Dr. Berliss. Moreover, on the entire record, we cannot find it reasonable to conclude that counsel's presences at Dr. Berliss' examination of defendant would have enhanced that cross-examination and in any way affected the outcome of a trial. Accordingly, we conclude that the error herein was harmless beyond a reasonable doubt and the conviction should be affirmed (see, People v Wicks, supra).

Judgment affirmed. Kane, J. P., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.