OPINION OF THE COURT
Thomas Rainbow Morse, J.
The above defendants are facing felony charges before this court in cases which are unremarkable in and of themselves. The cases are important, however, because they have arisen at a time when the traditional Rochester City Court procedure regarding felony complaints has been altered dramatically as a result of our District Attorney’s newly enacted preliminary hearing policy[1] as well as a recent decision by Justice Bellini dismiss *153 ing a felony complaint. Accordingly, because my colleagues and I are now being asked to answer questions heretofore rarely posed, I write today to document the resolutions I reached in these three cases regarding a number of important issues and to suggest possible legislative action to bring additional coherence and consistency to a local court’s exercise of preliminary jurisdiction in felony matters.
Since the end of March, in almost every case involving defendants in custody after arraignment, the Monroe County District Attorney has elected to pursue immediate grand jury consideration of felony charges rather than proceed with a preliminary hearing.[2] In addition, while sitting nisi prius as a “Rochester City Court Judge,”[3] acting Supreme Court Justice Elma Bellini recently ruled in People v McNair[4] that when the People do not go forward with evidence on the date scheduled for a preliminary hearing and they do not file a grand jury certification, allow review of the felony complaint for possible reduction, or request an adjournment of the preliminary hearing, the Criminal Procedure Law compels dismissal of the felony complaint in addition to release of the defendant. In the Hogan and Colon cases, as in Justice Bellini’s case, the People did not file a certification, request an adjournment of the preliminary hearing, or present proof at such a hearing. The record, however, is silent regarding whether Justice Bellini actually held a pre *154 liminary hearing as this court did in those two cases. This court dismissed the felony complaints and released defendants Hogan and Colon finding the proof at each abbreviated hearing insufficient. Following these dismissals, this court sua sponte raised an issue not addressed in Justice Bellini’s decision, the sealing of official records after such a dismissal. In the Wilson case, the People did not go forward with a preliminary hearing within 144 hours of arrest or file a certification and the court released the defendant on his own recognizance. Unlike the situation presented in the McNair, Hogan and Colon cases, however, the People in Wilson requested repeated adjournments of the preliminary hearing which this court granted over the defendant’s objection. Accordingly, this opinion starts where Justice Bellini’s left off and addresses a number of ancillary issues not presented by the facts in McNair which local court judges confront daily.[5]
Preliminary Proceedings on a Felony Complaint in a Local Court
In New York, local criminal court accusatory instruments include a felony complaint which “charges one or more defendants with the commission of one or more felonies and which serves to commence a criminal action but not as a basis for prosecution thereof.”[6] Thus, the filing of a felony complaint merely vests the local court with temporary preliminary jurisdiction of the case which constitutionally can be tried as a felony only after indictment by a grand jury.[7] While rarely exercised, a local court has statutory authority to review the sufficiency of and dismiss a felony complaint at arraignment.[8] More commonly, a prosecutor interested in resolving certain felony accusations at the local court level may permit the court to evaluate the facts underlying the felony complaint to determine if the interest of justice would be served by reduction of the charge to a *155 nonfelony offense.[9] If a prosecutor feels felony prosecution is warranted or does not wish to subject witnesses to cross-examination at this early stage, he or she may file a certification of grand jury action before a preliminary hearing is held.[10] In other circumstances, a defendant may waive his or her right to such a preliminary hearing.* [11] However, if none of those alternatives are pursued, the only other local court disposition contemplated by the statute is for the court to direct the People to proceed with a prehminary hearing.
The “Right” to a Preliminary Hearing
By statute, a defendant arraigned on a felony complaint in local court is entitled to a “prompt hearing upon the issue of whether there is sufficient evidence to warrant the court in holding him for the action of a grand jury.”[12] In addition, local court judges “must accord the defendant opportunity to exercise such rights and must itself take such affirmative action as is necessary to effectuate them”[13] Yet, neither the term “prompt” nor the phrase “holding ... for the action of a grand jury” are specifically defined by the statute to provide aid to local court judges. Their meaning, however, may be inferred from the provisions of the Code of Criminal Procedure which preceded the Criminal Procedure Law, other portions of CPL article 180 and its statutory history.
Entitlement to a Prompt Hearing
The argument that a “prompt” hearing must only be held if the defendant is in custody or out on bail finds support in part IV title III, chapter VII of the Code of Criminal Procedure (the predecessor of CPL art 180) which was entitled “Examination of the Case, and Discharge of the Defendant or Holding Him to *156 Answer.”[14] In fact, an early Court of Appeals case refers to the judge at such a preindictment hearing as a “committing magistrate.”[15] Under the code, if the magistrate found the preliminary hearing evidence insufficient the defendant was “to be discharged.”[16] On the other hand, if the magistrate found “sufficient cause” at the hearing, then an order was to be entered directing that the defendant “be held to answer.”[17] The argument that holding a defendant to answer related to his or her custodial status finds more statutory support when that section is read together with other sections requiring that when sufficient evidence is presented the defendant is to “be committed to the sheriff’[18] or allowed to post bail.[19] It also has a foundation in at least one Appellate Division case which noted that if sufficient proof is elicited “the magistrate must . . . ‘hold the prisoner to answer the same.’ ”[20] Lastly, given the importance our constitutional framers placed on the common-law tradition of habeas corpus relief which is specifically guaranteed in our earlier enacted Constitution rather than in the Bill of Rights,[21] it can be argued that modern day preliminary hearings are but statutory vestiges of this centuries old check on the sovereign’s authority to hold someone in custody without independent judicial review.[22] As a federal court recognized over 100 years ago, the portion of the Code of Criminal Procedure outlining preliminary hearings was “designed to safeguard accused persons from arbitrary, mistaken or malicious commitments.”[23]
While under the Code of Criminal Procedure a defendant had a right to a preliminary hearing “ ‘immediately after the appearance of counsel’ or ‘after waiting a reasonable time’ for *157 counsel to appear,”[24] the requirement that it be a “prompt” hearing was first introduced by the drafters of the Criminal Procedure Law in 1967 as a “new and important concept.”[25] Also, for the first time, the new Criminal Procedure Law provided for temporal “checks upon lengthy incarceration of defendants prior to the filing of the ultimate charges upon which they are to be prosecuted” including a specific time frame relating to preliminary hearings.[26] The necessity of a prompt hearing was designed to keep a defendant from being “confined in prison for an extensive period awaiting preliminary examination of the charge.”[27] After extensive discussion and revision, the newly proposed Criminal Procedure Law was passed with the defendant’s release on his or her own recognizance as the only statutory consequence flowing from the People’s decision not to go forward with a preliminary hearing within the specific statutory time frame.[28] It is not surprising that nowhere in the comprehensive statutory scheme is dismissal of the charge recognized as a remedy for the failure of a hearing to be held promptly since, as the Commission Staff noted:
“The felony hearing is, basically, a first screening of the charge; its function is neither to accuse nor to *158 try the defendant. These steps will come later. Meanwhile, the defendant’s main interest is in obtaining his release from custody. A most important function of the felony hearing, after the decision has been made to hold the defendant for the grand jury, is to determine whether he should be released, and if so, under what conditions. To make this latter function meaningful, the hearing must be held promptly after the defendant has been taken into custody.”[29]
In fact, the Commission Staff specifically noted that “[f] allure to accord the defendant such timely examination, though not resulting in dismissal of the felony complaint, requires that, upon application, he be released on his own recognizance.”[30]
Accordingly, this court holds that the right of a “prompt” hearing to which the defendant is entitled only applies when the defendant is in custody or has been released on bail and the court is being asked to “hold” the defendant for grand jury action.[31] Within this statutory framework, all of the above defendants were entitled to be released on their own recognizance on the original date set for preliminary hearing. Defendants Hogan and Colon had to be released after the People presented no evidence at admittedly pro forma preliminary hearings and Wilson was released because not even such a skeleton hearing was held. Since the defendants did not waive their rights to a preliminary hearing, the issue before this court in each case became how and when this court could dispose of the felony complaint in conformity with its statutory responsibilities and consonant with its authority.
The Requirement that a Preliminary Hearing be Held
As noted earlier, there are only five statutorily permissible alternatives available to a local court judge in disposing of a felony complaint and four of them did not apply in the Hogan and Colon cases. The People’s decision not to request adjourn *159 ment of the preliminary hearings left this court with very few, if any, options other than to direct that the People proceed on that day with a preliminary hearing. While the People may preempt a preliminary hearing by quickly presenting a case to the grand jury, there is no statutory allowance for either prosecutorial or judicial “waiver” of the hearing.[32] Since 1970, therefore, the right to waive a preliminary hearing has been vested solely with a defendant. Furthermore, since then judges have had an affirmative statutory obligation to take necessary actions to effect that right.
What, then, is a judge to do when a defendant does not waive the hearing and the District Attorney fails to prosecute the case at the preliminary hearing? Although a judge may sua sponte adjourn a preliminary hearing for appearance of counsel in order to protect a defendant’s state and federal constitutional rights,[33] given the comprehensive procedures set forth in CPL article 180, it is unlikely that a local court has authority on its own motion to adjourn the hearing on the first date for which it is scheduled. Nor does it appear that the court has the statutory authority to dismiss a facially sufficient felony complaint without first holding a preliminary hearing since such action would be contrary to legislative history and clear mandate of CPL 180.80.
In a recent case, the Court of Appeals reminded judges that
“[c]ourts must construe clear and unambiguous statutes as enacted and may not resort to interpretative contrivances to broaden the scope and application of statutes . . . Where a statute delineates the particular situations in which it is to apply, ‘an irrefutable inference must be drawn that what is
*160 omitted or not included was intended to be omitted or excluded.’ ”[34]
Dismissing a felony complaint in lieu of a preliminary hearing is analogous to a trial court’s “dismissal for failure to prosecute,” a once common procedure which our highest court proscribed over 20 years ago in People v Douglass.[35] In fact, although it is important to keep in mind the distinctions between the nonbinding rulings made by a local criminal court judge regarding preliminary hearings and the conclusive decisions of trial judges, several cases following Douglass offer a compelling perspective on how a court might proceed in cases such as these.
Five years after Douglass was decided, the Court of Appeals granted a writ of prohibition against a trial judge who had issued a final unappealable trial order of dismissal after directing the People to trial in a case where their principal witness was unavailable. The Court found the trial court had exceeded its authority when it foreclosed further prosecution of the case without hearing any evidence.[36] The Court did, however, reaffirm a court’s authority to “[place] the case on a reserve calendar to be restored only when ready for trial or dismissed when the speedy trial period had elapsed.”[37] Following that case, the Court of Appeals denied a CPLR article 78 petition brought by the People against a judge who had ordered the People to proceed with jury selection even though they had indicated they could not locate the complaining witness.[38] In that case the Court recognized the discretion of judges to grant or deny requests for adjournments and held that prohibition would not lie from such a decision which did not result in “ ‘the extreme measure of dismissal of a criminal prosecution.’ ”[39] Thus, in that case the judge did not err in ordering the People to begin jury selection.[40]
Similarly, this court had the authority and arguably the obligation to take “affirmative action” to enable the defendants’ *161 rights to preliminary hearings in the Hogan and Colon cases by ordering the People to proceed with preliminary hearings on the in-custody defendants.[41] In fact, “[h]owever misguided and erroneous” the court’s order might have been, the prosecutors “[were] not free to disregard it and decide for [themselves] the manner in which to proceed.”[42] This is especially so because unlike the situation presented in Douglass and its progeny, any action taken by a local criminal court judge affects only a defendant’s custodial status and the existence of the felony complaint. It does not vitiate potential successful superior court prosecution. Such nonbinding orders are clearly preliminary, not final. They have no effect on the District Attorney’s right to seek a valid indictment by presenting evidence to a grand jury.[43] That important distinction insulates preliminary hearing cases like Hogan and Colon from the Court of Appeals admonition to courts exercising trial jurisdiction not to render definitive decisions by default.
However, while the court can order the People to go forward with a preliminary hearing, the hearing may be very brief. It may merely consist of the court asking if the defendant waives a reading of the felony complaint, asking the People if they have provided Rosario material in connection with any witnesses they intend to call, and directing the People to call their first witness. Since a court cannot order the prosecutor to call any specific witness to the stand or introduce particular documents into evidence without muddling the separation of powers and intruding on a constitutional officer’s unfettered discretionary authority to choose the manner in which a case is to be prosecuted, it is unlikely that any testimony will be taken at such a *162 hearing.[44] If such a hearing is held and no evidence is presented,[45] after both parties rest a court will be left with no alternative but to dismiss the felony complaint based on the insufficiency of the evidence.[46] That is exactly what occurred in the Hogan and Colon cases after the People indicated they were not requesting an adjournment of the preliminary hearing. The Wilson case, however, illustrates a viable alternative when the People do ask to adjourn the preliminary hearing in a case involving a defendant who has been released pursuant to CPL 180.80 because no preliminary hearing was held within 144 hours of arrest.
A Prosecutor’s Request for Adjournment of the Preliminary Hearing
After the defendant’s release in Wilson the People requested that the hearing be adjourned. Such an adjournment is not only within the court’s sound discretion, but it may also be the wisest course in keeping with a local criminal court judge’s responsibilities under the Criminal Procedure Law. Not granting such an adjournment may be ill-advised for a number of reasons including the historical purpose of preliminary hearings and the limitations on a court’s power to dismiss for “failure to prosecute” outlined above. In addition, not granting an adjournment might compromise any orders of protection which the court issued and presumptively thought appropriate at arraignment on the felony complaint. Lastly, declining to adjourn would require *163 that a preliminary hearing be held which would raise a plethora of important issues regarding sealing of criminal records.
The Conundrum of CPL 160.50 Record Sealing
Since 1976, Criminal Procedure Law § 160.50 has contained comprehensive provisions regarding sealing of records “upon termination of criminal action in favor of the accused.”[47] Although not originally covered by the statute, within a year of its enactment, CPL 160.50 was amended to include dismissal orders entered after a preliminary hearing among those dismissals “terminated in favor of [a defendant],”[48] and to allow “the court on its own motion” to consider keeping the records open.”[49] The statutory reference to CPL 180.70 is clear. Thus, it is not subject to interpretation by this or any other court. With due deference to the Legislature, however, it seems to this court that felony preliminary hearing dismissals were inappropriately added to CPL 160.50 for several reasons.[50]
First, it is the only disposition after commencement of a criminal action referred to in CPL 160.50 which does not occur in a forum which, absent appeal, has final authority over the issue before it.[51] Next, with the exception of dismissals by the grand *164 jury[52] and dismissals after habeas corpus petitions,[53] all of the remaining judicial terminations in favor of the accused occur in criminal courts with trial jurisdiction over the matter dismissed.[54] Third, it is included in a section which references the People’s right to appeal, but the law does not give them such a right.[55] Fourth, CPL 160.50 does not provide for sealing when a local court judge dismisses a felony complaint for facial insufficiency at arraignment.[56] Lastly, regardless of the action taken by the local criminal court judge the People have the completely unfettered right to present the matter to a grand jury for consideration.[57] Should they choose to exercise that right after a CPL 180.70 (4) dismissal, a number of interesting questions arise if a court seals the records pursuant to CPL 160.50.
Under the statute
“all official records and papers, including judgments and orders of a court . . . relating to the arrest or prosecution ... on file with the division of criminal justice services, any court, police agency, or prosecutor’s office shall be sealed and not made available to any person or public or private agency.”[58]
In addition, “the arrest and prosecution shall be deemed a nullity and the accused shall be restored, in contemplation of law, to the status he occupied before the arrest and prosecution.”[59] So:
1. Without court ordered unsealing obtained ex parte after sealing occurred due to local court dismissal of the felony complaint, can the police department provide the prosecutor *165 with police reports or depositions in its possession which it had not provided before the dismissal?
Answer: Probably not.
2. While a police officer or other witness can certainly testify before the grand jury based on his or her personal knowledge and observations, if the witness needs his or her recollection refreshed either before or during a grand jury presentation after such a dismissal, can the prosecutor provide the witness with a police report or deposition for that purpose without first obtaining an ex parte unsealing order?
Answer: Probably not.
3. If there has been a sealing after local court dismissal of a felony complaint and the People elect to proceed with a grand jury presentation, can they offer into evidence before the grand jury depositions in their possession at the time of the dismissal normally admissible in lieu of live testimony pursuant to CPL 190.30 (3) regarding elements such as ownership, value, or lack of permission without first obtaining an ex parte unsealing order?
Answer: Probably not.
4. How about offering sex offender registration, address verification and change of address forms from Division of Criminal Justice Services (DCJS) pursuant to CPL 190.30 (3) (a)?
Answer: Maybe, depending on whether they were in the file at the time of the dismissal.
5. Lastly, does a temporary order of protection issued in connection with the felony complaint survive a CPL 180.70 dismissal?
Answer: No, this is not so much a sealing as a pendency issue because an order of protection is issued as a condition of bail or release in a pending case and the charge upon which it was based has been dismissed.
As exhausting as those examples may be, the list may certainly not be exhaustive.
In addition, those questions do not even address the issues surrounding destruction or return to the defendant of “every photograph of such person . . . and all palmprints and fingerprints taken ... of such person” in the possession of DCJS, state and local police departments as well as any copies of those items which were forwarded to any federal or sister state police department or law enforcement agency.[60] In a situation where a *166 local court judge sealed the records after dismissing a felony complaint and the prosecutor presents the case to a grand jury within the six-month speedy trial window and an indictment is returned, the defendant would presumably have to be refingerprinted and rephotographed. Copies of those records would have to be retransmitted to all designated agencies within and outside the state. If the case was then terminated in the defendant’s favor by the trial court, the records would be sealed all over again. While some individuals may not mind having mug shots taken, fingers rolled or trying to get the ink off their hands, this court would suggest that for a number of others undergoing even one booking process may leave a person with psychological scars and that repeating the process unnecessarily may reopen those old wounds.
None of the foregoing is meant to suggest that CPL 160.50 sealing is not called for following termination of the criminal action in favor of the accused in a trial court. With rare exception, it would seem to the court that sealing in such cases is absolutely appropriate as such a sealing effectively returns the defendant to the position he or she enjoyed prior to arrest.[61] Nor are those examples offered to suggest that a local criminal court should not follow the mandate of CPL 160.50 (3) (b) and consider the issue of sealing after dismissing a felony complaint when the proof at a preliminary hearing is insufficient. What those questions do suggest, however, are some of the factors a court may consider if the prosecutor moves to keep the record open or the court raises the issue sua sponte.
Raising and Resolving a Motion to Keep the Record Open
While most judges would presumably prefer that the district attorney make the oral or written motion to keep the record open and then adjourn the case five days for argument, the legislative history of CPL 160.50 illustrates a clear legislative determination that a judge should have the discretion to consider keeping the record open in the interest of justice on his or her own motion. For the reasons stated earlier, of all the statutorily defined terminations in favor of the accused, the nonbinding dismissals of felony complaints by local court judges exercising only preliminary jurisdiction in such matters seem to this court the most common circumstances in which a court would have to decide on a motion to keep fingerprints and booking photos on file along with court and government records. *167 Even before such dismissals were included by the Legislature, the Office of Court Administration recognized that “some ‘favorable determinations’ would permit retrial. In such cases, [they] assume [d] that the district attorney [would] easily demonstrate that the interests of justice require his [or her] complete access to the records.”[62] Thus, the statute requires that the “district attorney . . . demonstrates to the satisfaction of the court . . . or the court on its own motion . . . determines that the interests of justice require” keeping the record open.[63] The final issue is what standard must be met to keep the record open.
In the court’s view, the required level of persuasiveness should be gauged by the finality of the court’s order dismissing the case. For instance, when a defendant has been acquitted after trial, it might be appropriate that the court have to find “beyond a reasonable doubt” that the record should remain open. The same might be said for dismissals upheld after exhaustion of appeals with no possibility of refiling or re-presentation. In the middle might be some cases adjourned in contemplation of dismissal (especially at the felony level) which might require a finding based on at least clear and convincing evidence. Nearer the lower end of the scale would be those cases in which continued prosecution of the case within a statutorily allowable time period was probable in which a mere showing by preponderance of the evidence might suffice. Lastly, because of the unique nature of the nonbinding dismissals of felony complaints by local court judges exercising only preliminary jurisdiction, this court would suggest an even lesser standard in those cases. The standard would require the district attorney to place on the record those factors which resulted in the prosecutor deciding not to present any evidence or being unable to provide sufficient proof at the preliminary hearing. In addition, the prosecutor should be in a position to assert a present intention to proceed with the prosecution of the case, even though at a later date that intention might not be realized.
For instance, a prosecutor might choose not to go forward with a prehminary hearing because a defendant was being held on a fugitive warrant, a parole detainer, violation of probation or because his or her release awaiting sentencing on another *168 charge had been revoked in another court. Perhaps they were unable to locate a necessary witness or obtain needed lab analysis in time. Maybe the complainant was having second thoughts about prosecuting the matter, which is not an uncommon experience for courts in cases involving allegations of domestic violence. Although by not putting witnesses on the stand at a preliminary hearing a prosecutor may be giving up a valuable opportunity to preserve testimony for later use,[64] the prosecutor’s reason may simply be not wanting at this stage to subject a fragile, recalcitrant or unprepared witness to intense cross-examination. In such cases, placing that position on the record together with an assertion of an intention to proceed to the grand jury with the case may at least justify the court reserving on the motion until six months have passed from the date of arraignment.
Resolution of the Cases Before the Court
In resolving the Hogan, Colon and Wilson cases, the court has not only considered the questions and analysis set forth above, but has analyzed CPL article 180 as an integral part of a cohesive and comprehensive criminal procedure law. The court has tried to be faithful to the rule that “all parts of a statute are to be harmonized with each other, as well as with the general intent of the statute.”[65] In doing so, I have come to realize, as did the Commission that first proposed replacing the Code of Criminal Procedure, that “any body of law which long endures by patchwork amendment but without any thoroughgoing revision . . . deteriorate[s] through the years.”[66] In such situations, I also recognize this court’s authority “to devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by [this court].”[67]

People v Hogan

Although counsel for the defendant argued ably and submitted an excellent memorandum of law, the court is persuaded by the People’s position that the interests of justice are served by keeping the records in this case open. The record shows that be *169 tween the time the felony complaint was dismissed and the argument of this motion, counsel for the defendant and the prosecutor were involved in ongoing negotiations regarding the People’s position on sentencing should the defendant accept a waiver offer. In addition, the prosecutor indicated a present intention to present the case to a grand jury on a particular date. Lastly, the court has before it and has reviewed the verified felony complaint. Borrowing from the factors a court is to apply in considering “the interest of justice” in other contexts,[68] I find specifically that (1) the facts alleging that the defendant threatened to shoot the store clerk if he didn’t turn over the money assert a very serious offense charging robbery in the first degree; (2) the extent of harm which would be caused by keeping the record open at this juncture would be minimal given the defendant’s extensive prior contacts with the criminal justice system; (3) the purpose and effect of sealing the records as authorized by law is minimal given the ongoing plea negotiations, the stated intention of the prosecutor to continue pursuing this matter to the grand jury and the fact that future grand jury time has apparently already been scheduled for this matter; and (4) considering the factors which are on the record in this case, sealing would have a negative impact on the public’s confidence in the criminal justice system vis-a-vis its responsible use of staff time and resources. The court, however, will allow the defendant to reargue this motion before the court should there be no action by the grand jury by October 18, 2004, six months from the defendant’s arraignment on these charges.

People v Colon

While the defendant prepared a memorandum in support of sealing in this case, the People neither submitted any papers nor placed on the record any facts from which this court could draw the conclusion that keeping the record open would be in the interest of justice or that reserving on the motion for six months would be appropriate. The People were not even in a position to assert on the record that there was a present intention on their part to present this matter to a grand jury within the six-month speedy trial window. Under those circumstances there is no basis upon which the court can exercise its discretion in any manner other than to seal the records.

*170
People v Wilson

As noted earlier, this case is distinguishable from the others in that the People have requested an adjournment over the objection of the defendant. Accordingly, time is running against the People for speedy trial purposes. For the reasons noted above, the court finds that the defendant is not entitled to a “prompt” preliminary hearing because he is out of custody. At arraignment the court found and continues to hold that an order of protection is appropriate in this case. By adjourning the matter to a date after the defendant’s arraignment, the order will stay in full force and effect and the legislative purpose behind the authorization for such orders will be accomplished. The defendant’s rights to seek dismissal of the charges and sealing of the record will be postponed but preserved. If there is grand jury action on this case in the meantime, then the People can file a certificate relieving this court of jurisdiction, vesting it with responsibility for arraignment on a prosecutor’s information or directing that the record be sealed due to a “no bill.” In any event, the court finds that there is no readily apparent statutory remedy to resolve the competing interests before the court. Therefore, this court has exercised its authority to create a procedure in keeping with the spirit of the law by placing the matter on the court’s “reserve” or “general calendar” for preliminary hearing. The defendant has already been released on his own recognizance and the court will excuse his presence on the next adjourned date when it is anticipated that the court may deny any further requests for adjournment and resolve this matter in accordance with CPL 180.70.
Recommendation to Enhance Statutory Clarity
At this point, the heavy lifting has been done. All that is left is to respectfully recommend that the Legislature make three statutory changes that the court submits would greatly simplify the procedures involving out of custody defendants and balance the rights of all parties if all three are enacted. First, article 30 should be amended to allow for filing of a CPL 30.30 motion in the superior court responsible for empaneling the grand jury at the time the motion is brought in cases involving felony complaints referred to the grand jury when the grand jury has taken no action after more than six months have elapsed from arraignment. Either section 180.80 or 180.60 should be amended *171 to allow a court to refer a felony complaint to superior court for grand jury action after the defendant has been released on his or her own recognizance in cases where the People choose not to go forward with a preliminary hearing. The sealing provision for dismissals pursuant to CPL 180.70 should be repealed.

. Before the recent policy change, if a defendant was released from custody at the conclusion of an arraignment on a felony complaint in Rochester City Court, the case was adjourned in local court for felony screening or for appearance of counsel. In cases where a defendant was remanded to jail, the court would fix a date for a preliminary hearing and, if necessary, set an intermediate date for attorney appearance. Unless a defendant made bail, preliminary plea negotiations often took place at city court on the date set for preliminary hearing. In a number of such cases, defendants agreed to remain in custody while considering a misdemeanor or felony waiver offer. In others, the District Attorney did not go forward with evidence at a preliminary hearing and the defendant was released on his or her own recognizance with the case either adjourned in local court for a screen or referred to superior court after the defendant waived a preliminary hearing. In a relatively small number of cases, preliminary hearings were held resulting in defendants being held for grand jury action, facing reduced misdemeanor charges or having all charges dismissed.

. Now, at arraignment, the People have been serving defendants with grand jury notifications after bail is set and the court has adjourned all such cases until the following afternoon for appearance of counsel. On the return day, the People are requiring that each defendant sign a stipulation consenting to a 25-day adjournment to set a preliminary hearing. In exchange for adjournment of the hearing, the People promise not to present the case to a grand jury as previously scheduled and may provide limited discovery. In most cases in which the stipulation is not signed, grand jury presentations have resulted in certifications being filed with the court immediately prior to preliminary hearings. In those cases wherein the complainants did not appear before the grand jury or at a subsequent preliminary hearing, counsel has sought and obtained the defendants’ release.

. Since a felony complaint can he filed in only one court (CPL 100.55 [7], [9]), and a superior court has only limited statutory authority to conduct a felony preliminary hearing (CPL 180.20 [2]; 530.60 [2] [a]), it seems clear that Justice Bellini was necessarily exercising the Supreme Court’s inherent plenary powers to sit as an acting Rochester City Court Judge in a case arraigned there and transferred to the integrated domestic violence court. Accordingly, as the decision is that of a coordinate trial judge rather than an appellate court, while this court is free to find the reasoning persuasive, it is not bound by the holding.

. Sup Ct, Monroe County, Integrated Domestic Violence Part, Mar. 9, 2004, Bellini, J.

. While I believe this decision is completely compatible with that of Justice Bellini, if others disagree, then our difference of opinion is just another example of an honest disagreement between reasonable people about the right result. That, as my dad always told me, “is what makes horse races!”

. CPL 1.20 (8); see also CPL 1.20 (1), (2).

. CPL 1.20 (24), (25); NY Const, art I, § 6. While a defendant may waive indictment and proceed by superior court information, that generally only occurs when there has been a plea agreement.

. CPL 180.10 (6); 140.45.

. CPL 180.50 (1), (2). The statute specifically excludes such consideration by the court in cases involving class A felonies (other than in article 220 cases) and armed felony offenses. CPL 180.50 (2) (b).

. CPL 180.80 (2).

. CPL 180.30 (1). Unfortunately, this section has perhaps led to the “shorthand” judicial reference to “waiving a case to the grand jury” in cases in which a preliminary hearing is not held. What actually must occur statutorily is that the defendant waives his or her right to a preliminary hearing and the papers are then referred to superior court.

. CPL 180.10 (2); 180.30 (1).

. CPL 180.10 (4) (emphasis added).

. The Court of Appeals noted that parts of that article were derived from and codify some of the common-law rules applicable to coroners’ inquests. See People v Molineux, 168 NY 264, 331 (1901).

. People v Ferola, 215 NY 285, 290 (1915).

. Code Crim Pro § 207 (“Defendant, when and how to be discharged”).

. Code Crim Pro § 208 (“When and how to be committed”).

. Code Crim Pro § 209.

. Code Crim Pro § 210.

. People ex rel. Murphy v Crane, 80 App Div 202, 203 (1st Dept 1903) (emphasis added).

. US Const, art IX, § 2.

. See CPLR 7001-7009; People ex rel. Vancour v Scoralick, 140 AD2d 658, 659 (2d Dept 1988) (defendant not released on own recognizance at end of CPL 180.80 time period when no preliminary hearing held is entitled to habeas corpus relief).

. United States v Greene, 100 F 941, 945 (SD NY 1900).

. Staff Comment, NY Temp St Commn on Revision of Penal Law and Crim Code, reprinted in 1967 Proposed NY Criminal Procedure Law § 90.70 (present CPL 180.80), at 140 (Thompson Co.).

. Staff Comment, reprinted in 1967 Proposed NY Criminal Procedure Law § 90.10 (now CPL 180.10), at 129.

. NY Temp St Commn on Revision of Penal Law and Criminal Code, Mem in Support of Proposed Criminal Procedure Law, reprinted in 1969 Proposed NY Criminal Procedure Law, at XIV (Thompson Co.). The Commission was referring in that passage to sections of the law which required a defendant’s release from custody based on prosecutorial inaction: Proposed CPL 170.70 (1969) (misdemeanor complaint not converted within five days); Proposed CPL 180.80 (1969) (preliminary hearing not held within 120 or 144 hours); and Proposed CPL 190.80 (1969) (no action by grand jury within 45 days). Although the first Proposed NY Criminal Procedure Law contained a 48-hour period from request for a preliminary hearing to beginning of the hearing, the final proposal increased that to 72 hours. In 1982 the time frame was increased from 120 to 144 hours and, more importantly, the right to the hearing is now triggered by the time of the arrest rather than the time a hearing is first requested. None of these cases involve adjournments of the preliminary hearing pursuant to CPL 180.80 (1) and (3) which involve somewhat separate analysis.

. Staff Comment, reprinted in 1967 Proposed NY Criminal Procedure Law § 90.70 (now CPL 180.80), at 140.

. See n 15, supra. The Criminal Procedure Law went through three significant drafts, the 1967 proposal, the 1968 revisions, and the 1969 Proposed Criminal Procedure Law which was considered by two successive legislative sessions before enactment.

. Staff Comment, reprinted in 1967 Proposed NY Criminal Procedure Law § 90.60 (now CPL 180.70), at 137-138 (emphasis added).

. Staff Comment, reprinted in 1967 Proposed NY Criminal Procedure Law § 90.70 (now CPL 180.80), at 140 (emphasis added).

. Although for tactical reasons a defendant may not seek release on his or her own recognizance if out on bail on the first day scheduled for the preliminary hearing, remission of the bail would be appropriate on request pursuant to CPL 180.80 (1) if the People choose not to go forward with the preliminary hearing.

. While the 1967 and 1968 proposals of the proposed Criminal Procedure Law allowed the court to “[c]onduct a hearing upon the felony complaint notwithstanding the [defendant’s] waiver,” that provision was deleted in the final bill. 1967 Proposed NY Criminal Procedure Law § 90.30 (2), at 130; NY Temp St Commn on Revision of Penal Law and Grim Code, reprinted in 1968 Proposed NY Criminal Procedure Law § 90.30 (2), at 71 (Thompson Co.). The Staffs rationale for the court’s authority was that the local court “is charged with the duty and should have an absolute right to determine whether, on the facts before it, the defendant should be subjected further to the machinery of the criminal law.” Staff Comment, reprinted in 1967 Proposed NY Criminal Procedure Law § 90.30 (2), at 131. Since this provision was not included in CPL 180.30, it is evident that in the final analysis neither the Commission nor the Legislature recognized such a judicial responsibility.

. CPL 180.10 (3); 180.80 (1); Coleman v Alabama, 399 US 1 (1970); People v Wicks, 76 NY2d 128,132 (1990).

. People v Hernandez, 98 NY2d 8, 10 (2002).

. People v Douglass, 60 NY2d 194, 200 (1983).

. Matter of Holtzman v Goldman, 71 NY2d 564, 570-571 (1988).

. Holtzman, supra at 574; see also Matter of Morgenthau v Gold, 69 NY2d 735 (1987).

. Matter of Hynes v George, 76 NY2d 500 (1990).

. Hynes, supra at 505, quoting Matter of Holtzman v Goldman, supra at 575.

. The Court noted that once the jury had been selected, the People could have asked for a continuance, instead they brought a CPLR article 78 proceeding. Compare People v De Rosa, 42 NY2d 872 (1977) (court’s refusal to grant the People a two-hour adjournment of the trial was an abuse of discretion).

. See CPL 180.50 (4) (“Upon making any finding other than that specified in subdivision two, the court must conduct a hearing upon the felony complaint, unless the defendant has waived the same”).

. Matter of Balter v Regan, 63 NY2d 630, 631 (1984) (public defender); Matter of Brostoff v Berkman, 79 NY2d 938, 940 (1992) (prosecutor).

. People v Wicks, 76 NY2d 128, 133 (1990) (“If a defendant prevails at the hearing, he must be released and the felony complaint dismissed, but the Grand Jury is nevertheless free to indict upon its independent determination that there is legally sufficient evidence that crimes have been committed and reasonable cause to believe that the defendant committed the crimes charged [CPL 190.65 (1); People ex rel. Hirschberg v Close, 1 NY2d 258, 261]. The trial therefore, is unaffected by the outcome of the hearing”); People v Aaron, 55 AD2d 653, 654 (2d Dept 1976).

. NY Const, art XIII, § 13; County Law § 700 (1); see also Matter of Schumer v Holtzman, 60 NY2d 46, 50 (1983). The statutory requirement that “[t]he district attorney must conduct such hearing on behalf of the people,” and “[t]he people must call and examine witnesses and offer evidence in support of the charge” (CPL 180.60 [1], [6]), does not compel a different conclusion because under the Code of Criminal Procedure and in coroners’ inquests the judge had the opportunity and at times the obligation to call and question witnesses. Compare Code Crim Pro § 198. In fact, section 90.50 (4) of both the 1967 and 1968 proposed Criminal Procedure Laws provided that at the felony hearing “[t]he court or prosecutor must call and examine witnesses and offer evidence in support of the charge.”

. It is unlikely that the People would request an adjournment during the hearing to present evidence having indicated prior to the hearing that they would not be requesting an adjournment, but, if they did, the court has the statutory authority to grant such an adjournment. CPL 180.60 (10) (after a hearing begins the court may adjourn it “[i]n the interest of justice” for no more than one day unless “good cause” for a longer continuance is shown).

. Compare Melito v City of Utica, 210 AD2d 888, 889 (4th Dept 1994) (CPL 180.70 dismissal “after several adjournments because the prosecutor did not have a witness who could identify plaintiff”).

. This is the title of CPL 160.50. L 1976, ch 877, § 1.

. L 1977, ch 905, § 1, amending CPL 160.50 (2) (b).

. L 1977, ch 905, § 1, amending CPL 160.50 (1).

. This amendment grouped felony preliminary hearings with New York City misdemeanor preliminary hearings codified in CPL former 170.75 (although section 170.75 was repealed the following year). L 1978, ch 481, § 10. That section, which referenced and paralleled felony preliminary hearings for cases only in New York City, was not included in any of the Criminal Procedure Law drafts or the final commission proposal to the Legislature and must have been added to the statute during its consideration there. The Bill Jacket does not explain why the sponsor believed that these sections “obviously should be included” (Mem in Support, at 2, Bill Jacket, L 1978, ch 481), nor why the Legislature did so. One might speculate that given the volume of cases in New York City courts, the bill’s proponents believed and practice showed that such dismissals really were tantamount to final dispositions. That, however, has not been my experience of the practice in Monroe County local criminal courts over the past 24 years. It especially does not seem to be true for felony complaints dismissed here since Justice Bellini’s decision in March.

. Two paragraphs of CPL 160.50 (3) deal with decisions made by police or prosecutors not to prosecute made after arrest but before court filing of an accusatory instrument. CPL 160.50 (3) (i), (j).

. CPL 160.50 (3) (h). This is a final disposition unless the People are given permission by a superior court judge to resubmit the case pursuant to CPL 190.75 (3).

. CPL 160.50 (3) (g). In fact, in a curious twist, the habeas corpus provision was restricted to petitions made only “after conviction” by the 1978 amendments. L 1977, ch 905, § 1.

. CPL 160.50 (3) (a) (appeal not perfected), (b) (dismissal of local court accusatory instruments, dismissal of indictments, dismissals after an adjournment in contemplation of dismissal), (c) (acquitted after verdict), (d) (trial order of dismissal), (e) (orders of dismissal after trial but before sentencing), (f) (trial court orders setting aside a conviction), (k) (certain marijuana convictions after three years), (1) (dismissals after adjournment in contemplation of dismissal when case referred to a community dispute center).

. CPL 450.20.

. CPL 180.10 (6); 140.45.

. People ex rel. Hirschberg v Close, 1 NY2d 258, 261 (1956); People v Wicks, 76 NY2d 128, 133 (1990).

. CPL 160.50 (1) (c).

. CPL 160.60.

. CPL 160.50 (1) (a), (b).

. CPL 160.60.

. June 14, 1976 letter of Michael Juviler, Counsel to Office of Ct Admin, Bill Jacket, L 1976, ch 877 (addressed to the Counsel for the Governor supporting approval of proposed CPL 160.50 which had been passed by the Legislature and sent to the Governor for signature).

. CPL 160.50 (1).

. CPL 670.10 (1) (b) (use of preliminary hearing testimony at trial due to witness unavailability).

. Rangolan v County of Nassau, 96 NY2d 42, 48 (2001).

. Commn Foreword, reprinted in 1967 Proposed NY Criminal Procedure Law, at XI.

. Judiciary Law § 2-b (3).

. CPL 170.40, 210.40.