People v Guevara (2021 NY Slip Op 04955)

People v Guevara

2021 NY Slip Op 04955 [37 NY3d 1014]

September 9, 2021

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, November 3, 2021

[*1]

The People of the State of New York, Respondent,
v
Jose Guevara, Appellant.

Decided September 9, 2021

People v Guevara, 189 AD3d 455, reversed.

APPEARANCES OF COUNSEL

Caprice R. Jenerson, Office of the Appellate Defender, New York City (Gabe Newland of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York City (Susan Axelrod and Susan Gliner of counsel), for respondent.

{**37 NY3d at 1015} OPINION OF THE COURT

Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
Defendant Jose Guevara was convicted by jury verdict of one count of manslaughter in the first degree (Penal Law § 125.20). After defendant provided timely notice that he intended to present psychiatric evidence at trial, he was twice interviewed by a clinical psychologist engaged by the People (see CPL 250.10 [2], [3]). Although defense counsel was present at the first examination, the expert denied defense counsel admittance to the second examination. Over defense counsel's objection that defendant's right to counsel had been violated, the expert's testimony was admitted at trial. On defendant's appeal, the Appellate Division affirmed, holding that defendant's constitutional right to counsel had been violated but that the error was harmless (189 AD3d 455 [1st Dept 2020]). We now reverse because we conclude that the error was not harmless.
In Matter of Lee v County Ct. of Erie County (27 NY2d 432 [1971]), we held that defendants' Sixth Amendment right to counsel applies at pretrial psychiatric examinations "to make more effective [a defendant's] [*2]basic right of cross-examination" (id. at 444).[FN1] In Lee, we cited to United States v Wade's (388 US 218 [1967]) definition of a critical stage of the prosecution as " 'any stage of the prosecution, formal or informal, in court or out, where' 'the presence of his counsel is necessary to preserve the defendant's basic right to a fair trial as affected by his right meaningfully to cross-examine the witnesses against him and to have effective assistance of counsel at the trial itself' " (27 NY2d 432, 444 [1971], quoting Wade, 388 US at 226-227).{**37 NY3d at 1016} We thus held that pretrial psychiatric examinations are a critical stage of the prosecution.
As the Appellate Division recognized, our decision in Lee controls here (27 NY2d at 444). To determine whether the error requires a new trial, we assess the error under the harmless error standard that applies to violations of constitutional rights (People v Crimmins, 36 NY2d 230, 237 [1975]). The People—not the defendant—bear the burden of showing that "there was no reasonable possibility that the trial court's admission" of that part of the expert's testimony based on the uncounseled examination "affected the jury's verdict" (People v Ellis, 34 NY3d 1092, 1093 [2019]; see People v Schaeffer, 56 NY2d 448, 456 [1982]). Under the circumstances of this case, the expert's testimony at trial was based in part on the examination undertaken in violation of defendant's constitutional right to counsel, and we cannot say that the error was harmless (see People v Cerami, 33 NY2d 243, 248 [1973]).[FN2]
Defendant's argument seeking suppression of statements he made to the police is without merit. In light of our reversal, we need not reach the defendant's remaining arguments.
Chief Judge DiFiore and Judges Rivera, Fahey, Garcia, Wilson, Singas and Cannataro concur.
On review of submissions pursuant to Rules of the Court of Appeals (22 NYCRR) § 500.11, order reversed and a new trial ordered, in a memorandum.

Footnotes

Footnote 1:As a result of a review of the insanity defense conducted by the Law Revision Commission at the request of Governor Carey, the legislature codified the holding in Lee in CPL 250.10 (3) (Governor's Approval Mem, Bill Jacket, L 1980, ch 548 at 4). The Commission concluded that the "procedures and rules set forth in Lee carefully balance and protect the interests of both society and defendants" (1980 Rep of Law Rev Commn on Defense of Insanity in New York State at 60-61, reprinted in 1981 McKinney's Session Laws of NY at 2272).

Footnote 2: People v Perkins (166 AD2d 737 [3d Dept 1990]), on which the Appellate Division relied, is inapposite: it concerned an examination to determine the defendant's competency to stand trial pursuant to CPL article 730, not evidence to be offered at trial to rebut a psychiatric defense (see People v Wicks, 76 NY2d 128, 133 [1990]).