*110 OPINION OF THE COURT
Jones, J.
The contention that the trial court interfered with defendant’s constitutional right to assistance of counsel was not preserved for appellate review inasmuch as no timely protest was registered. Because the Appellate Division erred as a matter of law in addressing the issue on the alternative predicates that the contention of error had been preserved or that, if it had not been preserved, preservation was not required, the case must be remitted to that court for reconsideration.
Defendant’s trial on an indictment charging him with murder in the second degree, committed by killing Sandra Zahler on December 25, 1974, began on May 21, 1976 and concluded with a jury verdict of guilty returned June 17, 1976. The events relevant to the Appellate Division’s reversal and determinative of our disposition of the appeal occurred on Monday and Tuesday, June 14 and June 15, 1976.
On the first of these dates defendant took the witness stand and commenced his direct testimony which continued through part of the morning until a recess was ordered by the court. After the jury had left the courtroom the Trial Judge instructed defendant’s counsel that he was not to talk to his client about the latter’s testimony and similarly instructed defendant that he was not to talk to his attorney about his testimony. The court inquired from defendant whether he understood the instruction, and defendant responded that he did. Counsel was silent, registering no protest to the court’s directions. When the recess was over, defendant resumed the stand and continued his direct testimony until a luncheon recess was called. After the jury had departed from the courtroom, the court again instructed defendant not to discuss his testimony, and again defense counsel said nothing. When the trial resumed after the interval for lunch, the afternoon was devoted to cross-examination of defendant by the prosecuting attorney which was still in progress when the court declared a recess at the end of the day. Nothing whatsoever was said at that time with reference to the previously imposed ban on communication *111 between defendant and his counsel concerning his testimony, by way either of reaffirmation or of rescission.
On the following day, June 15, after a lengthy sidebar conference between the court and counsel concerning the propriety of a line of examination sought to be pursued by the Assistant District Attorney, as defendant was about to resume the stand for continuation of cross-examination, defense counsel stated that he would like to place something on the record and said that he would like to speak with his client. When the court pointed out that defendant was “on the stand” and that he would not permit the consultation “while he’s testifying”, defendant’s counsel then for the first time protested that his client’s right of access to his attorney was being interfered with.
Cross-examination__of defendant was then renewed and continued until a 15-minute recess was declared to permit the court to consider an evidentiary question that had arisen. A request by defendant’s counsel made at the beginning of the recess for permission to speak with his client during the recess initially was denied; however, the court subsequently reversed that ruling and defendant and counsel were thereupon permitted to confer before the recess ended as had been requested. After that consultation the trial continued to conclusion without further restriction on defendant’s access to his attorney.
Considering and rejecting as without merit other claims of error urged by defendant, the Appellate Division, by a divided court, reversed the judgment of conviction on the law because it concluded that defendant had been denied his constitutional right to the assistance of counsel by the order of the trial court which prevented “all meaningful communication between the defendant and his attorney from the morning of June 14, 1976 until some point during trial on the next day.” (76 AD2d, pp 607-608.) In approaching a review of that disposition our first inquiry must be whether the asserted error in the alleged interference with defendant’s right of access to counsel was a matter open to examination by the Appellate Division, other than by an exercise of its interest of justice jurisdiction, which its order makes clear was not the basis for its review and reversal in this *112 case. The response to that inquiry depends on whether a question of law for appellate review with respect to the Trial Judge’s rulings was presented, which in turn depends on whether “a protest thereto was registered, by the party claiming error, at the time of such ruling * * * or at any subsequent time when the court had an opportunity of effectively changing the same” (CPL 470.05, subd 2), for “[t]o create and preserve a question of law amendable to appellate review, a defendant in a criminal case normally must raise that issue before the court of original jurisdiction” (People v Cona, 49 NY2d 26, 33).
The Justices who were in the majority at the Appellate Division were of the persuasion, however, that because of the magnitude of the right asserted to have been curtailed, no objection by defendant was necessary to preserve the error for appellate review. We reach a different conclusion. Without in any way depreciating the stature of the constitutionally protected right of a criminal defendant effectively to confer with counsel and not to be deprived of that right of consultation for any substantial period of time (Geders v United States, 425 US 80), we find no justification for departing from the requirement that trial court error (here interference with that right) must be brought to the court’s attention by protest timely made, at least where counsel acting on defendant’s behalf is present and available to register a protest and where the error if called to the court’s attetnion is readily susceptible to effective remedy. In such a setting the registering of an objection would afford the trial court opportunity promptly to rescind any directive violative of the defendant’s right of access to counsel or otherwise to cure the error. Conversely, requiring that the normal, statutorily prescribed protest be made imposes no weighty or unreasonable burden on the defendant whose counsel is at his, side.
The fact of counsel’s presence here at the time of the trespass on defendant’s right to his assistance distinguishes this case from People v Arthur (22 NY2d 325) and People v Felder (47 NY2d 287), on which the Appellate Division relied. It detracts not at all from the significance or worth ascribed to the right to assistance of counsel in each of those *113 cases, as well as a legion of others in this and other jurisdictions of which Gideon v Wainwright (372 US 335) (also relied on by the Appellate Division) is the fountainhead, to take note that in each case cited it was the absence of counsel at the critical time that was determinative. Here an objection voiced by counsel on June 14, 1976, when the trial court first uttered its prohibition against consultation between attorney and client, might well have resulted in a change of the Trial Judge’s ruling and total avoidance of interference with defendant’s constitutional claim. For all that appeared, however, defense counsel found the directives given that day unobjectionable and not adverse to defendant’s interests. In that circumstance, in light of counsel’s acquiescence at a time when correction was possible, defendant could not, in disregard of the statutory requirement of timely protest, thereafter secure appellate review of what transpired when counsel stood mute.
Concluding then, as we do, that protest was required to preserve the issue for appellate review as a question of law, we must determine whether, as the Appellate Division appears to have concluded, counsel’s request to speak with his client before the resumption of his cross-examination on the morning of June 15, 1976, accompanied by an assertion of defendant’s right of access to counsel, served as a sufficient protest, first as to the court’s denial of the request made at that time, then to what had occurred on the previous day.
As to the denial of the request made on June 15 (then articulated by the court to be on the ground that the request was made in the course of defendant’s examination), we have no doubt that counsel entered a sufficient and timely protest and that, had the Appellate Division limited its consideration to that denial of consultation between attorney and client — which it did not[1] — it would have been acting *114 within the scope of its appellate authority to review errors of law, if any.[2]
As to acceptance of the contention that counsel’s request and argumentation on June 15 was a sufficient protest against the prior day’s restrictions (concededly no protest was registered on June 14), we reach a different result. The statement on the following day of counsel’s desire for consultation was too late to have alerted the court to such a desire,' if one existed, on the prior day when counsel was silent in face of the ban on communication between him and his client concerning the latter’s testimony. The therapeutic purpose of the requirement that a protest be registered— to call the court’s attention to and permit it to correct what counsel believes is an erroneous ruling — was by then beyond fulfillment. The effect of the trial court’s explicit ban announced on June 14 had been exhausted by the morning of June 15 as to the period of defendant’s examination on the stand on the 14th and as to the overnight period between June 14 and June 15. Because no timely protest had been registered errors, if any, with respect to rulings of the trial court prior to Tuesday morning, June 15, were not available as predicates for the Appellate Division’s reversal on the law (although they could have been made the premise for a reversal by that court in the exercise of its interest of justice jurisdiction).
Inasmuch as the opinion of the majority at the Appellate Division makes it clear that its reversal on the law was based at least in part, if not principally, on the June 14 rulings, we have no choice but to reverse the order of the Appellate Division and remit the case to that court to permit it, if it deems it appropriate, to exercise its discretionary power to review alleged errors even in the absence of timely objection (People v Cona, 49 NY2d 26, 33, supra). Our review stops at that point and it would be inappropriate for us now to express any opinion as to defendant’s contentions of error with respect to the June 14 rulings of the trial court (People v Cona, supra, p 34).
*115 For the reasons stated, the order of the Appellate Division should be reversed, defendant’s conviction reinstated and the case remitted to that court for consideration in accordance with this opinion.

. That the appellate court’s reversal was not predicated solely on what it regarded as an error of law occurring when defendant’s access to counsel was interferred with on the morning of June 15 is apparent from its description of the trial court’s error as one preventing “all meaningful communication between the defendant and his attorney from the morning of June 14, 1976 until some point during the trial on the next day”.

. In view of the circumstance that the Appellate Division never discretely-ruled on this issue we have no occasion to express any opinion with respect to it.