OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The factual and procedural background of this appeal may be found in the opinions at the Appellate Division (76 AD2d 604, 88 AD2d 622) and the intervening opinion in our court (54 NY2d 106). For present purposes it must be taken that defendant’s cross-examination was interrupted on Monday afternoon, June 14, 1976, in part to permit the trial court to research the propriety of the last question posed by the People. On Tuesday morning, the contemplated research having been concluded, after a somewhat *906 extended sidebar conference, the trial court ruled that he would permit the question. At that juncture, before defendant had resumed the witness stand, his attorney requested an opportunity to speak to him. The trial court pointed out that defendant was “on the stand” and ruled that he would not permit the requested consultation “while he’s testifying”. The Appellate Division held that this ruling did not constitute reversible error. We agree.
With no intention to diminish the constitutional stature and significance of a defendant’s right to consult with his attorney during the course of his trial, we recognize, too, that the attorney cannot be permitted freely to interrupt examination to permit him to counsel his client with respect to an anticipated question or line of questioning. The proper resolution lies within the sound discretion of the trial court. We agree with the majority at the Appellate Division that there was no abuse of such discretion by the trial court in this instance. While it is true that defendant was not physically sitting in the witness chair, in a functional sense his cross-examination had been interrupted to afford the trial court an opportunity to make a considered evidentiary ruling. That ruling having been made, it was not error to have directed that the cross-examination then continue without further interruption, particularly where a negative answer to the permitted question would have foreclosed further inquiry on the subject.
“This is not to say that defendant’s attorney in the instant case did not, or that defendants’ attorneys generally will not, realize the impropriety of advising defendant how to answer such a question. Rather, it is to say that it is not error for the Trial Judge in such a situation to make the ruling here made preventing conference until questioning on the issue has been concluded.” (54 NY2d 106, 117 [Meyer, J., concurring].)
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed in a memorandum.