■ THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v ALBERT COBENAIS, Appellant.—Judgment unanimously af-

firmed. Memorandum: The jury found defendant guilty of burglary in the first degree (Penal Law § 140.30 [2]). At trial, defendant called four witnesses in an attempt to establish an alibi. Defense counsel failed, however, to request an alibi charge, and none was given. No exception was taken to the court's charge, which was otherwise proper in all respects. Had the alibi charge been timely requested and refused, a reversal would be required *(see, People v Victor,* 62 NY2d 374; CPL 470.05 [2]). The issue was not preserved for our review, however *(People v Karabinas,* 63 NY2d 871; *People v Hoke,* 62 NY2d 1022; *People v Narayan,* 54 NY2d 106; *People v Maschi,* 49 NY2d 784), and a reversal as a matter of discretion in the interest of justice would not be warranted (CPL 470.15 [3] [c]; [6] [a]). The court repeatedly instructed the jury that the burden of proof as to every element of the crimes charged was upon the People and thus the charge as given may not be viewed as burden shifting. Moreover, the evidence of defendant's guilt was overwhelming.

We have reviewed the other issues raised by defendant on appeal and find them to be without merit. (Appeal from judgment of Onondaga County Court, Mordue, J.—robbery, first degree.) Present—Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.