THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MARGAN, Appellant.

Second Department, April 23, 1990

## APPEARANCES OF COUNSEL

*Thomas E. Crice* for appellant.

*Charles J. Hynes, District Attorney (Barbara D. Underwood, Ann Bordley* and *Lindsay Brown* of counsel), for respondent.

## OPINION OF THE COURT

BRACKEN, J. P.

 In this matter, the Trial Judge directed the prosecutor to begin the direct examination of his first witness even though the defendant's attorney had not yet arrived in the courtroom. As a consequence of this ruling, a portion of the direct examination of a State witness took place in the absence of defense counsel. The People now concede that "it would have been wiser to wait for defense counsel to arrive before beginning [the witness's] direct examination". However, the People also contend that this error, the magnitude of which they considerably understate, does not require reversal because (1) any question of law with respect to the error is not preserved for appellate review, and (2) the error is harmless. We disagree with both of these propositions, and therefore reverse.

### I

 Both the Constitution of the United States and the Constitution of the State of New York secure to an accused the right to the assistance of counsel *(see,* US Const 6th, 14th Amends; NY Const, art I, § 6; *Gideon v Wainwright,* 372 US 335; *Pointer v Texas,* 380 US 400 [Federal guarantee of right to counsel obligatory on States pursuant to 14th Amendment]). In this regard, the right to the presence and assistance of counsel during a criminal trial is almost as essential an element of due process of law as the right to trial itself, because "[t]he right to be heard would be * * * of little avail if it did not comprehend the right to be heard by counsel" *(Powell v Alabama,* 287 US 45, 68-69; *see also, United States v Cronic,* 466 US 648, 653-654; *Gideon v Wainwright, supra; Glasser v United States,* 315 US 60, 76). The defendant's right

to the assistance of counsel has been described as absolute and it has been held that the absence of counsel for a defendant who has never validly waived this right actually deprives the trial court of jurisdiction to proceed *(see, Johnson v Zerbst,* 304 US 458, 468; *Kuczynski v United States,* 149 F2d 478 [7th Cir]; *Amrine v Tines,* 131 F2d 827, 833 [10th Cir]). Thus, we must review the prosecution's argument that the denial of the defendant's right to counsel at trial may be treated as harmless error within the context of State and Federal case law, which has consistently described this right as "absolute" or "fundamental" and which has consistently characterized any deprivation of this right as jurisdictional error.

For the purposes of applying the doctrine of harmless error, it is necessary to distinguish the right to the *presence* of counsel from the right to the *effective assistance* of counsel. In cases involving a violation of the latter right, reversal is unwarranted unless defense counsel's ineptitude actually had a probable effect on the outcome of the trial *(see, Strickland v Washington,* 466 US 668; *People v Sullivan,* 153 AD2d 223). In cases involving violations of the former right, however, where defense counsel is actually absent during a phase of the trial, prejudice is presumed *(see, Strickland v Washington, supra,* at 692). "The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial" *(Glasser v United States, supra,* at 76).

Several cases decided by the United States Supreme Court and the New York Court of Appeals reflect the general rule that the complete denial of counsel is an error so fundamental as to be harmful per se. In *Hamilton v Alabama* (368 US 52), for example, the court held that the absence of counsel for the defendant at the time of his arraignment in a State court constituted error which was automatically reversible, irrespective of its prejudicial effect. While arraignment may be considered a particularly "critical" stage of a criminal prosecution, an actual trial is, if anything, *more* "critical". "It is difficult to perceive a more critical stage of a trial than the taking of evidence on the defendant's guilt" *(Green v Arn,* 809 F2d 1257, 1263 [6th Cir], *vacated and remanded* 484 US 806, *on remand* 839 F2d 300, quoted in *Perry v Leeke,* 488 US 272, —, 109 S Ct 594, 603 [Marshall, J., dissenting]; *see also, White v Maryland,* 373 US 59).

In *United States v Cronic* (466 US 648, 658-659, *supra),* the court stated that "[t]here are * * * circumstances that are so

likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified. Most obvious, of course, is the complete denial of counsel." The court then stated that it had "uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding" *(United States v Cronic, supra,* at 659, n 25, citing *Geders v United States,* 425 US 80 [trial court's prohibition of consultation between testifying defendant and counsel during trial]; *Herring v New York,* 422 US 853 [statute authorizing trial court to dispense with summations]; *Brooks v Tennessee,* 406 US 605 [statute requiring testifying defendant to be first defense witness]; *Hamilton v Alabama, supra; White v Maryland, supra; Ferguson v Georgia,* 365 US 570; *Williams v Kaiser,* 323 US 471).

In *Coleman v Alabama* (399 US 1), the court held that a preliminary hearing was a "critical" stage in a criminal prosecution so as to trigger the applicability of the Federal right to counsel. In *People v Hodge* (53 NY2d 313), this rule was applied in such a way as to require the reversal of a criminal conviction on the basis that the defendant had been deprived of his right to the assistance of counsel at a preliminary hearing *(see,* CPL 180.10 [2]), even though the defendant was thereafter indicted by a Grand Jury. In *People v Wicks* (76 NY2d 128), the Court of Appeals clarified that a violation of the defendant's right to counsel at a preliminary hearing does not require automatic reversal. However, the court in *Wicks (supra)* stated that the defendant's right to counsel at trial was "too fundamental" to permit application of the harmless error doctrine *(People v Wicks, supra,* at 132, quoting *Glasser v United States,* 315 US 60, 76, *supra).*

In *People v Felder* (47 NY2d 287), the Court of Appeals held that the provisions of both the State and the Federal Constitutions required reversal, irrespective of prejudice, where the defendant had been represented by an individual who claimed to be an attorney, but who had neither completed law school nor been admitted to the Bar. The court held that in light of its fundamental nature, a violation of the right to counsel could not be considered harmless. The court stated that " 'the assistance of counsel is among those "constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error" ' " *(People v Felder, supra,* at 296, quoting from *Holloway v Arkansas,* 435 US 475, 489).

In *People v Hilliard* (73 NY2d 584), the Court of Appeals

reversed an order of the Appellate Division which had affirmed a judgment of conviction over the defendant's claim that it was error for the local arraignment court to have ordered defense counsel not to communicate with the defendant for the next 30 days. Although it was argued that this error was harmless, since the defendant did have an attorney at arraignment, and since the defendant also had an attorney at trial, which took place two months after the court's ban on communication had expired, the Court of Appeals held that reversal was required even in the absence of prejudice. What is more, the court took the view that the error in question could not be cured by providing the defendant with a new trial, and ordered that the indictment be dismissed. (In the present case, the denial of counsel tainted the defendant's trial, not his ability to prepare for trial, so that the error in question may be cured by ordering a new trial, and dismissal of the indictment is not warranted.)

In accordance with this view, there is precedent for ordering a new trial based upon a Trial Judge's decision to proceed in the absence of defense counsel, even where defense counsel's absence is of relatively brief duration, and thus unlikely to have affected the outcome of the trial. For example, in *Green v Arn* (809 F2d 1257, 1259-1260, *vacated and remanded* 484 US 806, *on remand* 839 F2d 300, *supra)*, the grant of a writ of habeas corpus was affirmed based upon proof that the petitioner's attorney had been voluntarily absent for certain portions of one afternoon session of the trial, during which the attorney for the petitioner's codefendant was engaged in the cross-examination of a State witness. The United States Court of Appeals for the Sixth Circuit held that a new trial was necessary, stating that "[counsel's a]bsence from the proceedings is deficient performance as a matter of law, and prejudice is presumed" *(Green v Arn, supra,* 809 F2d, at 1263). The case now before us reflects a more egregious violation, since the absence of defense counsel during a portion of the trial was not the result of counsel's own misguided initiative, but was rather the result of the Trial Judge's apparent impatience.

Similarly, in *State v Colbert* (311 NC 283, 316 SE2d 79, 80), the Supreme Court of North Carolina, reversing that State's intermediate appellate court, ordered a new trial for a defendant whose attorney arrived 15 to 20 minutes after the prosecutor had begun the process of jury selection. A new trial was considered necessary even though defense counsel eventually did have an opportunity to "excuse one or more of the

jurors passed by the state" *(State v Colbert, supra,* 311 NC, at 286, 316 SE2d, at 80). The court considered this denial of the Federal right to counsel to be immune from harmless error analysis *(State v Colbert, supra,* 316 SE2d, at 81, relying on *Gideon v Wainwright,* 372 US 335, *supra; Strickland v Washington, supra; see also, North Carolina v Luker,* 311 NC 301, 316 SE2d 309).

Considering the lengths to which the Court of Appeals has gone in demonstrating "special solicitude" *(People v Cunningham,* 49 NY2d 203, 207) for the State constitutional right to counsel, and in expanding the scope of this right beyond that of its Federal counterpart *(see, e.g., People v Blake,* 35 NY2d 331, 335-336; *People v Hobson,* 39 NY2d 479, 483-484; *People v Krom,* 61 NY2d 187, 197), we conclude that the complete deprivation of the assistance of counsel during trial would be, if anything, more offensive to the State than to the Federal Constitution *(see also, People v Darby,* 75 NY2d 449 [counsel's absence during Trial Judge's in camera questioning of juror constituted reversible error]; *cf., Rushen v Spain,* 464 US 114 [counsel's absence during in camera questioning of juror harmless]). We do not believe, in light of the foregoing precedent, that an abridgment of the Federal constitutional right to the presence of counsel during a criminal trial may even be excused as de minimis *(cf., Green v Arn,* 809 F2d 1257, 1261, *vacated and remanded* 484 US 806, *on remand* 839 F2d 300, *supra),* and we conclude, a fortiori, that such a violation of the State constitutional right to counsel may never be tolerated. We therefore reject the argument that the complete denial of the defendant's right to the assistance of counsel during a portion of his trial may be considered harmless.

## II

■ We also reject the People's argument that the Trial Judge's error is not preserved for appellate review as a matter of law. The People rely on the case of *People v Narayan* (54 NY2d 106, 110), where the Trial Judge had, on two occasions, directed the testifying defendant not to speak to his attorney during recesses, and, on these occasions, counsel for the defendant failed to object. The Court of Appeals held that while the Trial Judge's ruling might have constituted error *(see, Geders v United States,* 425 US 80, *supra; cf., Perry v Leeke,* 488 US 272, 109 S Ct 594, *supra),* this error had not been preserved for appellate review as a matter of law.

However, in so holding, the court explicitly distinguished several other precedents *(see, Gideon v Wainwright,* 372 US 335, *supra; People v Arthur,* 22 NY2d 325; *People v Felder,* 47 NY2d 287, *supra)* on the basis that unlike *People v Narayan (supra),* they involved "the absence of counsel at the critical time" *(People v Narayan, supra,* at 113). The *Narayan* case was considered distinguishable because counsel was actually present at the time that the erroneous ruling respecting the defendant's right to counsel was made. By failing to object, defense counsel—hence the defendant—was deemed to have acquiesced *(People v Narayan, supra,* at 113). The error which occurred in the present case was not made in counsel's presence, and there was no opportunity to prevent the error from occurring, and no opportunity adequately to cure the prejudice it caused. The holding of *People v Narayan (supra)* with respect to the preservation issue is therefore not controlling.

Instead, we determine that the deprivation of the right to counsel which occurred in the present case falls within the ambit of the general rule that a violation of the right to counsel may be raised, as a question of law, for first time on appeal *(see, People v Kinchen,* 60 NY2d 772; *People v Ermo,* 47 NY2d 863). The absence of defense counsel from trial, like the absence of the Judge, or the absence of a proper jury, is the type of error which " 'work[s] radical changes in * * * the mode of proceeding prescribed by the constitution and the laws' " *(People v Udzinski,* 146 AD2d 245, 252, quoting from *Cancemi v People,* 18 NY 128, 137) so as to be properly subject to appellate review as a matter of law, even in the absence of an objection at trial *(see, People v Coons,* 75 NY2d 796; *People v Rivera,* 73 NY2d 941; *People v Ahmed,* 66 NY2d 307, 310; *People v Parisi,* 276 NY 97; *People ex rel. Battista v Christian,* 249 NY 314, 318). So long as any class of error is exempt from the application of the preservation doctrine, the error inherent in a Trial Judge's ruling that trial may proceed in the absence of defense counsel must be considered to be within that class.

### III

We conclude, in sum, that the Trial Judge's ruling which allowed the prosecutor's presentation of evidence at trial to proceed in the absence of the defendant's attorney must be reviewed, as a matter of law, even though no exception to that ruling was made. We also conclude that this ruling was

clearly erroneous, and that reversal is required without regard to whether the error in question resulted in prejudice to the defendant. Even if the tardiness of the defendant's attorney in appearing at trial had been willful and contumacious (which it was not; on the contrary, the attorney's delay in arriving for trial was adequately explained), the Trial Judge would not have been justified in taking the action that he did. There are sanctions available which may be brought to bear against dilatory attorneys who (unlike counsel in the present case) inexcusably delay the progress of trial. The availability of such sanctions renders the precipitate action taken by the Trial Judge in the present case unnecessary as a practical matter of calendar control, as well as unacceptable as a matter of constitutional law.

Accordingly, the judgment is reversed, on the law, and a new trial is ordered.

LAWRENCE, HARWOOD and BALLETTA, JJ., concur.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.