■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN NERO, Appellant. [658 NYS2d 869] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered March 28, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and three counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $4^1/2$ to 9 years, unanimously affirmed.

Since defendant failed to make a timely objection to the court's clear directive, his argument that he was deprived of his right to a public trial when the trial court locked the courtroom doors during summation is unpreserved for review (*see, People v Narayan*, 54 NY2d 106, 112), and we decline to review it in the interest of justice. Concur—Wallach, J. P., Rubin, Williams and Andrias, JJ.

■ In the Matter of WOOLWORTH CORPORATION SHAREHOLDER DERIVATIVE LITIGATION. MOISE KATZ et al., Appellants; WOOLWORTH CORPORATION, Respondent. [658 NYS2d 869] —Order, Supreme Court, New York County (Walter Schackman, J.), entered April 10, 1996, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiffs' allegations are insufficient to establish with particularity that the subject corporation's Board would not have been responsive to a Business Corporation Law § 626 (c) demand to take action with respect to the challenged accounting irregularities, where most of plaintiffs' allegations track the publicly disseminated report issued by a Special Committee set up by the Board itself to investigate these irregularities, in response to which the Board took remedial action. With respect to the challenged severance package for one of the corporation's directors, the only person with a direct financial interest in that package was the compensated director, such that the rest of the Board was not interested therein (*see, Marx v Akers*, 88 NY2d 189, 201-202). Plaintiffs' allegation that the reason for this severance package was to buy the director's silence is conclusory. We have considered plaintiffs' other arguments and find them to be without merit. Concur—Wallach, J. P., Rubin, Williams and Andrias, JJ.