(August 14, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEY RIDDICK, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIQUE MURRELL, Appellant. [763 NYS2d 319] —Judgments, Supreme Court, New York County (John Stackhouse, J.), rendered May 17, 2001, convicting each defendant, after a jury trial, of two counts each of criminal possession of a weapon in the second and third degrees, and sentencing each defendant, as a second felony offender or second violent felony offender, respectively, to concurrent terms of 10 years and 5 years, to be served consecutively to concurrent terms of 10 years and 5 years, unanimously modified, as a matter of discretion in the interest of justice, as to each defendant, to the extent of vacating the convictions for criminal possession of a weapon in the third degree and dismissing those counts of the indictment, and to the extent of sentencing each defendant to concurrent rather than consecutive terms, and otherwise affirmed.

The verdict was not against the weight of the evidence. Issues of credibility were properly considered by the trier of facts and there is no basis for disturbing its determinations (*see People v Gaimari,* 176 NY 84, 94 [1903]). The fact that defendants were acquitted of other charges does not warrant a different conclusion (*see People v Rayam,* 94 NY2d 557 [2000]). Although the law imposes no requirement that verdicts be logically consistent when viewed in light of the evidence (*see People v Tucker,* 55 NY2d 1 [1981]), we note that there is a logical basis upon which the jury could have reached its mixed verdict.

Defendant Riddick's claim that his right to counsel was violated by the court's instruction not to discuss his testimony during a recess called in the midst of his cross-examination is unpreserved (*People v Narayan,* 54 NY2d 106 [1981]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court never specified that its instruction applied to consultations with counsel. Instead, when the prosecutor raised the issue, Riddick's counsel volunteered that he did not intend to engage in such consultations. Riddick has failed on this appeal to articulate any specific claim of prejudice (*see People v Carracedo,* 89 NY2d 1059, 1062 [1997]) but has based his claim of reversible error on the unprecedented claim that such a generic witness instruction when given to a defendant, without any objection, constitutes a per se violation of the right to counsel. It was evident that counsel, in his professional judgment, had decided that further consultation with his client was unnecessary. That

Riddick's trial counsel did not consider such consultation significant is evidenced by the absence of even a belated objection when trial resumed (*People v Narayan,* 54 NY2d 106, 113 [1981]).

Since defendants' third-degree weapon possession convictions are based on the same possessions of the identical weapons underlying their second-degree weapon possession convictions, we vacate the third-degree possession convictions in the interest of justice (*see People v Montgomery,* 293 AD2d 369, 371 [2002], *lv denied* 98 NY2d 712 [2002]). The record does not establish that defendants' sentences were based on any improper criteria. However, we find the sentence excessive to the extent indicated.

We have considered and rejected defendants' remaining claims, including those contained in defendant Riddick's pro se supplemental brief. Concur—Buckley, P.J., Mazzarelli, Saxe, Williams and Marlow, JJ.