People v Hinson (2004 NY Slip Op 50862(U))

[*1]

People v Hinson

2004 NY Slip Op 50862(U)

Decided on August 5, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 5, 2004

Supreme Court, Kings County
THE PEOPLE OF THE STATE OF NEW YORK )
against
WILLIAM HINSON, DEFENDANT
12759/97

Yvonne Lewis, J.
The pro-se Mr. William Hinson, whose conviction for robbery in the first degree was upheld by the Appellate Division on February 26, 2001, and leave to appeal to the New York Court of Appeals denied on May 23, 2001, herein requests that his 20 years to life sentence (imposed on January 22, 1999) be set aside, pursuant to CPL §440.20, on the ground that he was incorrectly and unlawfully sentenced as a violent persistent felony offender. Mr. Hinson rests his arguments on two grounds; one, that his attorney at the time of sentencing was ineffective in failing to challenge the constitutionality of his previous convictions; and two, that the failure to have had the jury consider said convictions precluded their use by the judge to enhance his sentence, pursuant to Apprendi v. New Jersey, 530 U.S. at 490, 120 S.Ct. 2348.
The prosecution opposes the foregoing on the grounds that CPL §440 required the defendant to have earlier raised this issue on his direct appeal or in his previous 440 motion, which was denied by this court on January 22, 2002; and, that the sentencing minutes and prosecutor's statement establish that Mr. Hinson was adjudicated a persistent violent felony offender and sentenced to the minimum term allowable under law as such. The prosecution
concedes, however, that despite the accurate colloquy by and between the prosecution, the defense, and the court, the court clerk mis-spoke in declaring Mr. Hinson a persistent felony offender and checking off the incorrect box categorization in his order of commitment with that same designation. This concession was made while noting that the prosecution's statement listed both of Mr. Hinson's prior convictions as predicate violent felonies, and the order of commitment indicated a sentence of twenty years to life. The prosecution also asserts that there has been no demonstration by Mr. Hinson that his prior convictions were unconstitutionally obtained or that his attorney's performance was in any way deficient such that he would or could have obtained a better outcome in its absence. Lastly, the prosecution submits that there is no legal requirement that a jury need have considered prior convictions in order for them to be taken into account at the time of sentencing (citing, Apprendi v. New Jersey, 530 U.S. at 490, supra, Amendarez-Torres v. United States, 523 U.S. 224, 239, Peo. v. Rice, 285 AD2d 617 (2d Dept. 2001); Peo. v. McKenzie, 298 AD2d 409 (2d Dept. 2002); Peo. v. Lebron, 293 Ad2d 689 (2d Dept. 2002); and Peo. v. Roman, 292 AD2d 471 (2d Dept. 2002). 
[*2]
According to CPL §440.10 (2) ( c ) ". . .the court must deny a motion to vacate a judgment when although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure. . . to raise such ground or issue upon an appeal actually perfected by him." CPL §440.20 (3) permits that ". . .the court in the interest of justice and for good cause shown, may in its discretion grant the motion [to set aside sentence] if it is otherwise meritorious" even
though the ground or issue raised thereupon was previously determined on the merits upon a prior
motion or proceeding in a court of this state, other than an appeal from the judgment, or. . .in federal court. CPL §440.30 (4) (d) provides that "upon considering the merits of the motion [to set aside judgment/sentence], the court may deny it without conducting a hearing if an allegation of fact essential to support the motion (i) is contradicted by a court record or other official document, or is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true."
P.L. §70.02 ( a)-( c ) defines attempted murder in the second degree and robbery in the first degree as class B violent felony offenses and attempted robbery in the second degree as a class D violent felony. P.L. §70.08(1) establishes that "a persistent violent felony offender is a person who stands convicted of a violent felony offense. . .after having previously been subjected to two or more predicate violent felony convictions. . . . Subsections (2) and (3) thereof then collectively provide for a maximum term of life imprisonment and a minimum of twenty (or twenty-five) years for a class B felony.
The effective assistance of counsel is essential to receiving a fair trial (See Peo. v.
Claudio, 83 NY2d 76; U.S. v. Cronic, 466 U.S. 648), and can only be constitutionally met when
the evidence, the law, and the circumstances of a particular case reveal that the attorney provided
meaningful representation when viewed under the totality of the circumstances existing at the
time of the representation (See Peo. v. Satterfield, 66 NY2d 796, supra; Peo. v. Baldi, 54 NY2d 137, supra; McKinney's Const. Art. 1 §6, USCA Const. Amend. 6). Hence, "[to] succeed on a
claim that trial counsel was ineffective, a defendant must demonstrate that 'counsel's representation fell below an objective standard of reasonableness,' and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Defendant must also show that he suffered actual prejudice." (See Strickland v. Washington, 66 U.S. 688, supra; Mills v. Scully, 826 F2d 1192; Peo. v. Morgan,157 AD2d 64; Peo. v. Sullivan, 153 AD2d 223). 
As evidenced by his sentencing minutes, Mr. Hinson was convicted in this matter of robbery in the first degree, a class B violent felony offense. His two prior convictions were for attempted robbery in the second degree, a class D violent felony, and attempted murder in the second degree, a class B violent felony, for which he was respectively sentenced on August 4, [*3]1984 and May 12, 1987 (See §70.02 ( a)-( c )). It is also to be noted that Mr. Hinson, as a result of said convictions, was incarcerated from April 21, 1984 to April 3, 1986, December 19, 1986 to May 1, 1987, and May 18, 1987 to February 7, 1994, which thereby tolled the ten year predicate statutory period by a total of nine years, one month, and 4 days. (See P.L. §70.04 (v)). Consequently, these three convictions rendered him a violent persistent felony offender for which he was correctly sentenced to the minimum term permissible; namely twenty years to life (See P.L. §70.08(1)). A thorough reading of the Apprendi case, 530 U.S. at 490, supra, makes it abundantly clear that prior convictions can be considered at sentencing without regard to the jury having considered them. The fact that Mr. Hinson could have received a higher minimum sentence of twenty-five years as requested by the prosecution and opposed by his defense attorney corroborates the fact that his lawyer indeed provided meaningful representation.
WHEREFORE, on the basis of the foregoing, Mr. Hinson's motion to set aside his sentence is denied in its entirety. The criminal court clerk is, accordingly, directed to forthwith amend his sentence and commitment order to ministerially correct Mr. Hinson's classification to that of persistent violent felony offender. This constitutes the decision and order of this court
____________________________________
Hon. yvonne lewis, J.S.C.