■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASAN STEWART, Appellant. [892 NYS2d 570]—

Kane, J.

While the victim, his friend and defendant were standing in line at a gas station, a petty argument arose. Rather than let it go, defendant drove his car into the victim, knocking him to the ground. Defendant then backed up and accelerated his car so the front tires drove over the victim. The victim was wedged underneath the car as defendant spun and smoked the tires, finally propelling the back tires over the victim. Defendant then drove away, leaving the victim lying in the parking lot with scrapes and burns over a large portion of his body, his hand nearly amputated and hanging by little more than a flap of skin.

Following a trial, the jury found defendant guilty of attempted murder in the second degree, assault in the first degree and aggravated unlicensed operation of a motor vehicle in the second degree. County Court sentenced him to an aggregate term of 25 years in prison with five years of postrelease supervision. Defendant appeals.

The verdict was supported by legally sufficient evidence and is not against the weight of the evidence. For the attempted murder and assault charges, the testimony of the victim, his friend and two clerks from the gas station described defendant's actions in hitting the victim with his car, then backing up only to accelerate and run over him. A doctor testified concerning the victim's injuries, including the near amputation of his hand, the resulting blood loss and the permanent loss of normal use and function of the hand. Defendant's intent can be inferred from the quarrel he had with the victim and his friend immediately prior to getting into his car, along with his actions in backing up and then accelerating over the victim after he was already on the ground (*see People v Hartman*, 64 AD3d 1002, 1003 [2009]; *People v Nash*, 64 AD3d 878, 881 [2009]; *People v Mullings*, 23 AD3d 756, 758 [2005], *lv denied* 6 NY3d 756 [2005]). This evidence was legally sufficient to establish defendant's guilt of attempted murder in the second degree and assault in the first degree.

For the aggravated unlicensed operation charge, testimony and records from the Department of Motor Vehicles (hereinafter DMV) showed that defendant never possessed a driver's license and his privileges to operate a motor vehicle had been suspended and revoked on numerous occasions and never restored. Testimony of numerous witnesses and defendant's statement to

police proved that he was driving. Thus, the evidence was legally sufficient to support that charge as well. The testimony of defendant and his girlfriend that they were fleeing from an attack by the victim and his friend, causing defendant to accidentally run over the victim, presented a credibility question that the jury resolved in favor of the People. Viewing the evidence in a neutral light and giving deference to the jury's credibility determinations, the verdict was not against the weight of the evidence (*see People v Gonzalez*, 64 AD3d 1038, 1041-1042 [2009], *lv denied* 13 NY3d 796 [2009]; *People v Levy*, 52 AD3d 1025, 1027 [2008]).

Defendant failed to preserve for appellate review his alleged deprivation of the right to counsel, as he did not object to County Court's limitation on communication with counsel during an overnight recess while defendant was in the midst of testifying (*see People v Umali*, 10 NY3d 417, 423 [2008], *cert denied* 556 US —, 129 S Ct 1595 [2009]; *People v Narayan*, 54 NY2d 106, 112-113 [1981]). We decline to exercise our interest of justice jurisdiction to take corrective action with regard to this unpreserved issue. Counsel's failure to object did not render his assistance inadequate. Defendant failed to show any prejudice, as there is no indication that counsel intended to speak to defendant about his testimony on the evening in question (*see People v Riddick*, 307 AD2d 821, 821 [2003], *lv denied* 1 NY3d 541 [2003]).

Also unpreserved is defendant's contention that County Court violated his rights under the Confrontation Clause by admitting into evidence a purported certified copy of his driving abstract and an affidavit of regularity/proof of mailing from DMV. Defendant did not object to the admission of those documents into evidence (*see People v Kello*, 96 NY2d 740, 743-744 [2001]; *compare People v Pacer*, 6 NY3d 504, 509 [2006]). Defendant also did not object to the testimony of a DMV employee which provided information regarding DMV's procedures and a foundation for the admission of the driving abstract (*see People v Potter*, 30 AD3d 313, 315 [2006], *lv denied* 7 NY3d 816 [2006]). The driving abstract was admissible as a business record, thus that document did not implicate the Confrontation Clause (*see* CPLR 4518 [a]; *People v Maldonado*, 44 AD3d 793, 794 [2007], *lv denied* 9 NY3d 1035 [2008]; *People v Carney*, 41 AD3d 1239, 1239-1240 [2007], *lv denied* 9 NY3d 873 [2007]). In any event, counsel's failure to object to admission of these documents did not constitute ineffective assistance, as counsel pursued a reasonable strategy focused on defending the felony charges rather than squabbling over the admission of documents concerning

only the misdemeanor charge (*see People v Ryan*, 46 AD3d 1125, 1126-1127 [2007], *lv denied* 10 NY3d 939 [2008]; *cf. People v Rivera*, 71 NY2d 705, 709 [1988]).*

Defendant did not preserve his argument that the People committed a *Rosario* violation (*see People v Rogelio*, 79 NY2d 843, 844 [1992]), nor has he shown that such a violation was committed.

Considering defendant's callous disregard for the victim's life, criminal history (including 12 convictions in New York and convictions in two other states), lack of remorse and refusal to accept responsibility for his actions, County Court's sentence was not unduly harsh or excessive (*see People v Rollins*, 51 AD3d 1279, 1282-1283 [2008], *lv denied* 11 NY3d 922 [2009]).

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

* Defendant argues that counsel was ineffective due to his failure to properly investigate and prepare for trial. As this contention is based upon information outside the record, it cannot be addressed on appeal and is more properly addressed through a CPL article 440 motion.