■ The People of the State of New York, Respondent, v Franklin Troche, Appellant. [947 NYS2d 111]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered July 21, 2010, as amended November 3, 2010, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to an aggregate term of six years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence established that defendant stabbed the victim with a knife or other sharp object.

The court properly exercised its discretion when it struck testimony that it found to be inadmissible and gave curative instructions, but denied defendant's request for a mistrial (*see People v Santiago*, 52 NY2d 865 [1981]). Defendant's objection was belated (*see People v Ortiz*, 54 NY2d 288, 292 n 3 [1981]; *see also People v Narayan*, 54 NY2d 106, 114 [1981]), in that it was made after the prosecutor had already asked several questions about the allegedly inadmissible matter. The drastic remedy of a mistrial was unnecessary, because the stricken testimony was not unduly prejudicial and the curative instructions, which the jury is presumed to have followed, were sufficient to prevent

any prejudice. Defendant's remaining claims regarding this issue, including his challenges to the content and timing of the curative instructions, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

Defendant's generalized objections failed to preserve his challenges to the prosecutor's summation (*see e.g. People v Harris*, 98 NY2d 452, 492 [2002]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Friedman, J.P., Renwick, DeGrasse and Richter, JJ.