Chief Judge Lippman
(dissenting). Because this Court does not require preservation for violations of the right to counsel where counsel is absent during crucial parts of proceedings, I would reach the merits of defendant’s constitutional claim. Thereupon, I would hold that defendant’s right to counsel was violated when the court decided to dismiss a juror in defense counsel’s absence.
As this Court has repeatedly held, “a claimed deprivation of the State constitutional right to counsel may be raised on appeal, notwithstanding that the issue was not preserved” (People v Kinchen, 60 NY2d 772, 773 [1983]; see People v McLean, 15 NY3d 117, 120 [2010] [“right to counsel claims are excepted from the general rule that unpreserved issues cannot be reviewed on appeal”]; see People v Ahmed, 66 NY2d 307, 310 [1985] [violation of right to counsel constitutes “mode of proceedings error” and does not require preservation]). In *73 People v Grant (91 NY2d 989 [1998]), this Court permitted a defendant to raise a right to counsel claim that had not been raised in the lower courts, “following] the settled rule that a claim of deprivation of the fundamental right of counsel may be raised on appeal though not specifically preserved below” (Arthur Karger, Powers of the New York Court of Appeals § 21:11 at 779 n 19 [3d ed rev 2005]).
As is made clear from the record, the court had twice decided to excuse the sick juror outside the presence of defense counsel, hearing arguments against dismissal, and supplying reasoning justifying the dismissal. After making its decision to replace the sick juror, the court stated: “I wish we [could] replace [Ga-ray’s counsel]. Unfortunately we can’t.” Garay’s counsel entered moments later, after all but the finishing touches had been completed in his absence. The majority assumes defense counsel was aware of everything taking place in his absence, but that is unwarranted on this record. While acknowledging that “ [c]ertainly, the better practice would have been for the trial judge to await counsel’s arrival before placing his decision regarding the juror on the record,” the majority maintains that defense “counsel was present at the critical time when the sick juror was being replaced by the alternate, and counsel did not raise any objection concerning the right to counsel or otherwise, at a time when the trial court had the opportunity to change course” (majority op at 68).
Despite the cases to the contrary, the majority points to two cases in which this Court held that a right to counsel claim must be preserved (see People v Narayan, 54 NY2d 106, 112 [1981]; People v Umali, 10 NY3d 417, 423 [2008]). In both Narayan and Umali, the court denied defendant the right to confer with defense counsel during trial, and we held that the defendants’ right to counsel claims were unpreserved to the extent that counsel did not object. However, those cases are distinguishable because, there, trial counsel was “presen[t] ... at the time of the trespass on defendant’s right to his assistance” (Narayan, 54 NY2d at 112; see Umali, 10 NY3d at 423). The majority overlooks this crucial distinction and apparently assumes that the court’s decision to dismiss the juror— made in defense counsel’s absence — was a revocable decision and thus unreviewable, a determination that cannot be drawn from these cases (see majority op at 68). Significantly, the relevant “critical time” at which defendant was deprived of his right to counsel was not, as the majority posits, when the sick *74 juror was actually replaced by the alternate, but, at the very least, when the court made its decision to dismiss the juror. This is reflected in CPL 270.35 (2) (b), which provides that “[t]he court shall afford the parties an opportunity to be heard before discharging a juror.”
The majority also concludes that the Appellate Division correctly distinguished the circumstances here from the facts of People v Strothers (87 AD3d 431 [1st Dept 2011]). In Strothers, defense counsel arrived halfway through the proceeding, but the Court held that counsel could not lodge an objection while absent, and thus preservation was not required (see 87 AD3d at 433). The deprivation of counsel in Strothers occurred at the commencement of the proceeding, with defense counsel arriving halfway through, and here, it occurred when the court made its decision to dismiss the juror (majority op at 68, citing 87 AD3d at 433). Here, the arguments against dismissal of the juror had been heard and rejected, and the issue decided with the only task remaining being the seating of the alternate juror. Defense counsel was absent during the entire period and very possibly was unaware of the proceedings taking place without him.
In People v Margan, where the trial judge ordered the prosecutor to begin direct examination of a witness in the absence of defense counsel, the Appellate Division correctly followed “the general rule that a violation of the right to counsel may be raised, as a question of law, for [the] first time on appeal” (157 AD2d 64, 70 [2d Dept 1990]). The important distinction is that in Strothers, Margan, and here, defense counsel was absent from the courtroom during the proceeding, but was present in Narayan and Umali.
Affirming the judgment “on preservation grounds will only encourage prosecutors in their already well-established tendency to pounce on every arguable imperfection in a defense lawyer’s argument as a barrier to deciding a case on the merits” (People v Beasley, 16 NY3d 289, 293 [2011, Smith, J., concurring]).
I would hold that preservation is not required here, and upon reaching the merits, I would conclude that defendant’s right to counsel was violated.
“This [C]ourt has consistently exercised the highest degree of vigilance in safeguarding the right of an accused to have the assistance of an attorney at every stage of the legal proceed *75 ings against him” (People v Cunningham, 49 NY2d 203, 207 [1980]). “[S]ince most constitutional rights are not self-executing, the right to counsel may be the most basic of all” (People v Hodge, 53 NY2d 313, 317 [1981]). Criminal Procedure Law § 270.35 (2) (b) states that “[t]he court shall afford the parties an opportunity to be heard before discharging a juror.” A court has discretion to replace an absent juror “if the court determines that there is no reasonable likelihood such juror will be appearing ... in court within two hours of the time set by the court for the trial to resume” (CPL 270.35 [2] [a]), but it cannot do so absent defense counsel.
In Hodge, the trial court insisted that the defendant proceed with a preindictment preliminary hearing despite defense counsel’s absence (see 53 NY2d at 316-317). The People asserted that because the defendant was subsequently indicted, there was no harm and “any infirmities that occurred at the flawed hearing may be excused” {id. at 319). We held there that “the test must be not what the hearing did not produce, but what it might have produced if the defendant’s right to counsel had not been ignored” {id. at 321). “[T]he result of such inquiry would have to be pure speculation” {id.).
In People v Johnson (189 AD2d 318 [4th Dept 1993]), reversal was “mandated” where a trial court discharged a sworn juror prior to the impanelment of the entire jury “in the absence of defense counsel” {id. at 320). Because “|j]ury selection is a critical stage of a criminal proceeding,” “the unique, indispensable presence of at least the single-minded counsel for the accused is minimally necessary to safeguard” the defendant’s “constitutional right to a particular jury chosen according to law, in whose selection he has had a voice” {id. [internal quotation marks and citations omitted]).
The denial of the right to counsel at trial “is of constitutional dimension” and is not subject to harmless error analysis (Hodge, 53 NY2d at 320; People v Hilliard, 73 NY2d 584, 587 [1989]). As this Court recognized, “[t]he right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial” (see People v Felder, 47 NY2d 287, 296 [1979]; see also Perry v Leeke, 488 US 272 [1989]).
Here, the court’s decision to replace the ill juror must be made while defense counsel is present. Indeed, the statute directs that counsel “shall” be afforded an opportunity to object *76 (see CPL 270.35 [2] [b]). Further, trial courts should not disregard this Court’s long history of safeguarding the right to counsel (Hodge, 53 NY2d at 317-318). As it was in Hodge, it is inappropriately speculative here to assert that the juror would have been discharged even if counsel had been present (see 53 NY2d at 320-321; Felder, 47 NY2d at 296).
For these reasons, I would reverse the Appellate Division and remit for a new trial.
Judges Read, Pigott and Rivera concur; Chief Judge Lippman dissents in an opinion in which Judges Stein and Fahey concur.
Order affirmed.