People v Brown (2019 NY Slip Op 01455)





People v Brown


2019 NY Slip Op 01455


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

108492

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
LASEAN J. BROWN, Appellant.

Calendar Date: January 8, 2019

Before: Lynch, J.P., Mulvey, Devine, Aarons and Pritzker, JJ.


Warren S. Landau, Cedarhurst, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered January 22, 2016, convicting defendant following a nonjury trial of the crimes of criminal possession of a controlled substance in the third degree, resisting arrest and aggravated unlicensed operation of a motor vehicle in the second degree.
A state trooper initiated a traffic stop of a vehicle that defendant was driving upon observing that the vehicle had tinted windows. After discovering that defendant's driver's license had been revoked, the trooper placed defendant under arrest without handcuffing him and directed him to stay seated on the hood of the vehicle. During an inventory search of the vehicle, wherein counterfeit CDs were found in the trunk, defendant fled the scene. Defendant was ultimately apprehended and placed into custody. The trooper returned to the vehicle to do a more thorough search, which resulted in the trooper finding a cigarette box containing a bag of heroin.
In connection with this incident, defendant was charged by indictment with criminal possession of a controlled substance in the third degree, resisting arrest and aggravated unlicensed operation of a motor vehicle in the second degree. Prior to trial, defendant moved to suppress, among other things, the physical evidence seized from his vehicle. After a combined Huntley/Mapp hearing, a Judicial Hearing Officer issued a report recommending denying the suppression motion, which County Court adopted. Following a nonjury trial, defendant was convicted as charged. County Court sentenced defendant, as a second felony offender, to various prison terms, the greatest of which was 12 years, to be followed by three years of postrelease supervision. Defendant appeals. We affirm.
We conclude that defendant's suppression motion was properly denied. A state trooper testified at the Huntley/Mapp hearing that he stopped a vehicle driven by defendant after observing the vehicle having tinted windows. The trooper, who had training regarding tinted windows, specifically testified that the driver's side windows were "so dark that [he] was unable [*2]to actually see the operator of the vehicle as the vehicle was going by." The Judicial Hearing Officer credited this testimony, and we perceive no basis to disturb such credibility determination (see People v Williams, 132 AD3d 1155, 1156 [2016], lv denied 27 NY3d 1157 [2016]). Accordingly, we conclude that the traffic stop was justified (see People v Banks, 148 AD3d 1359, 1360 [2017]; People v Brock, 107 AD3d 1025, 1026-1027 [2013], lv denied 21 NY3d 1072 [2013]). To the extent that defendant contends that probable cause was lacking to conduct a full search of the vehicle and that the inventory search was invalid, such contentions are unpreserved for our review and, in any event, are without merit (see People v Gabriel, 155 AD3d 1438, 1440-1441 [2018], lv denied 31 NY3d 1081 [2018]; People v Thompson, 106 AD3d 1134, 1135 [2013]).
Defendant's claim that he was deprived of a fair trial due to certain remarks made by the prosecutor during closing statements is unpreserved for our review in the absence of a timely objection thereto (see People v Richardson, 162 AD3d 1328, 1331 [2018], lv denied 32 NY3d 1128 [2018]; People v Hotaling, 135 AD3d 1171, 1173 [2016]) and, in any event, is without merit. Defendant also asserts that he was denied his right to the assistance of counsel when County Court restricted him from communicating with anybody during an overnight recess while in the midst of being cross-examined. Such assertion, however, is unpreserved given that defense counsel was "present and available to register a protest" to the court's restriction but failed to do so (People v Narayan, 54 NY2d 106, 112 [1981]; see People v Umali, 10 NY3d 417, 423 [2008]). We further decline defendant's request to take corrective action in the interest of justice with respect to this issue (see People v Stewart, 68 AD3d 1438, 1440 [2009], lv denied 14 NY3d 773 [2010]; People v Riddick, 307 AD2d 821, 821 [2003], lv denied 1 NY3d 541 [2003]; but see People v Samuels, 22 AD3d 507, 508 [2005]).
We are unpersuaded by defendant's contention that he received the ineffective assistance of counsel. "[C]ounsel will not be found to be ineffective on the basis that he or she failed to make an argument or motion that has little or no chance of success" (People v Thorpe, 141 AD3d 927, 935 [2016], lv denied 28 NY3d 1031 [2016]). In our view, the particular objections that defendant claims his counsel should have lodged would have had little chance of success (see People v Hilton, 166 AD3d 1316, 1320 [2018]; People v McCauley, 162 AD3d 1307, 1310 [2018], lv denied 32 NY3d 939 [2018]; People v Planty, 155 AD3d 1130, 1133 [2017], lv denied 30 NY3d 1118 [2018]). Viewing the record as a whole, where defense counsel moved to suppress evidence, vigorously cross-examined the People's witnesses and made cogent opening and closing statements, we cannot say that defendant was deprived of meaningful representation (see People v Weaver, 167 AD3d 1238, 1245 [2018]; People v Richardson, 162 AD3d at 1332-1333; People v Ackerman, 141 AD3d 948, 950-951 [2016], lv denied 28 NY3d 1181 [2017]).
Finally, we reject defendant's argument that the sentence is harsh and excessive. Given defendant's criminal history, which involved drug-related convictions, we discern no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Murray, 155 AD3d 1106, 1111 [2018], lv denied 31 NY3d 1015 [2018]; People v Jones, 155 AD3d 1103, 1106 [2017], lv denied 30 NY3d 1106 [2018]).
Lynch, J.P., Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.