People v Olmeda (2021 NY Slip Op 00269)





People v Olmeda


2021 NY Slip Op 00269


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Gische, J.P., Oing, Moulton, Mendez, JJ. 


Ind No. 2220/17 Appeal No. 12904 Case No. 2020-00467 

[*1]The People of the State of New York, Respondent,
v
Raul Olmeda, Defendant-Appellant.


Brill Legal Group, P.C., Hempstead (Peter E. Brill of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Matthew B. White of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Ralph A. Fabrizio, J.), rendered October 17, 2019, convicting defendant, after a jury trial, of tampering with a witness in the fourth degree and official misconduct, and sentencing him to consecutive terms of 364 days and 6 months, respectively, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50(5).
Defendant's claim that the court should have either given a limiting instruction or explicitly stated to the jury why it sustained an objection during the prosecutor's opening statement is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that no additional limiting instruction or explanation was required in light of the court's instructions about sustained objections, which the jury is presumed to have followed (see People v Davis , 58 NY2d 1102, 1104 [1983]).
The court providently exercised its discretion when it directed that the cross-examination of defendant commence without allowing counsel to further confer with defendant outside the courtroom. By that time defendant and counsel had already conferred about the evidentiary issue and the court had made its ruling (see People v Narayan , 58 NY2d 904 [1983]; see also People v Branch , 83 NY2d 663, 666-667 [1994]). Defendant received an ample opportunity to confer with counsel in connection with defendant's testimony.
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021