People v Wilcox (2024 NY Slip Op 05245)

People v Wilcox

2024 NY Slip Op 05245

Decided on October 24, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 24, 2024

112410
[*1]The People of the State of New York, Respondent,
v
Randy L. Wilcox, Appellant.

Calendar Date:September 3, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

Parry & Smith, PLLC, Fayetteville (Jarrod W. Smith of counsel), for appellant.
William G. Gabor, District Attorney, Wampsville (J. Scott Porter of counsel), for respondent.

Powers, J.
Appeal from a judgment of the Supreme Court (Donald F. Cerio Jr., J.), rendered October 21, 2019 in Madison County, upon a verdict convicting defendant of the crimes of assault in the first degree and criminal possession of a weapon in the third degree.
In August 2017, the victim arrived at the emergency room at Hamilton Hospital in the Town of Hamilton, Madison County, with a laceration to her stomach and a severe eye injury which ultimately resulted in the removal of her right eye. An investigation was commenced by law enforcement as a result of the victim's injuries, during which she made inconsistent and sometimes contradictory statements as to the events surrounding her injuries. The victim continually denied that defendant, her partner at the time of the events in question, had inflicted these injuries. However, in September 2018, the victim came forward to State Police and reported that defendant had caused her injuries during an incident of domestic violence. Defendant was charged by indictment with assault in the first degree (see Penal Law § 120.10 [1]) and criminal possession of a weapon in the third degree (see Penal Law § 265.02 [1]). Following trial, defendant was convicted as charged and sentenced to a determinate prison term of 22 years, to be followed by five years of postrelease supervision, on the charge of assault in the first degree, as well as a lesser concurrent indeterminate sentence on the charge of criminal possession of a weapon in the third degree. Defendant appeals.
Defendant's sole contention on appeal is that he was denied the effective assistance of counsel based upon various apparent failings made by counsel during the course of trial. "[A] claimed violation of the constitutional right to the effective assistance of counsel will not survive judicial scrutiny so long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Houze, 177 AD3d 1184, 1188-1189 [3d Dept 2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 1159 [2020]; accord People v Meadows, 183 AD3d 1016, 1022 [3d Dept 2020], lv denied 35 NY3d 1047 [2020]). To prevail, the defendant "must demonstrate the absence of strategic or other legitimate explanations — i.e., those that would be consistent with the decisions of a reasonably competent attorney — for the alleged deficiencies of counsel" (People v Maffei, 35 NY3d 264, 269 [2020] [internal quotation marks and citations omitted]; accord People v Sposito, 193 AD3d 1236, 1237 [3d Dept 2021], affd 37 NY3d 1149 [2022]).
Initially, defendant maintains that he was deprived of meaningful representation based upon counsel's admitted inability to hear parts of voir dire of the prospective jury and portions of the People's opening statement because of auditory issues within the courtroom. Counsel actively participated in the questioning of prospective [*2]jurors as well as raised for cause and peremptory challenges and, to that extent, defendant was not deprived of counsel during voir dire (cf. People v Strothers, 87 AD3d 431, 433 [1st Dept 2011]; People v Margan, 157 AD2d 64, 68, 71 [2d Dept 1990]). Although it may have been better practice to raise this issue immediately during the People's opening statement, counsel made clear that she did not wish to disturb the Assistant District Attorney and remedied the issue by requesting a transcript of the People's opening and preserving her ability to raise appropriate objections when the transcript was received. It is of no moment that counsel did not subsequently make any such objection as counsel will not be found ineffective for failing to make a motion with little to no chance of success (see People v Kendricks, 226 AD3d 1150, 1158 [3d Dept 2024], lv denied 41 NY3d 1003 [2024]). Moreover, counsel's statements as to the severity of the auditory issues appear to have been hyperbolic and exaggerated as she referenced questions posed by the People during her own voir dire of prospective jurors and likewise referenced the People's opening during her own. Nevertheless, it is unclear from the record what counsel did and did not hear and, based upon this lack of clarity, these arguments involve matters outside of the record that are more properly addressed in the context of a CPL article 440 motion (see People v Miley, 229 AD3d 969, 974 [3d Dept 2024]; People v Ulmer, 226 AD3d 1259, 1260 [3d Dept 2024], lv denied 42 NY3d 930 [2024]).[FN1]
Having viewed the other claims of ineffectiveness raised by defendant, we find that he has failed to demonstrate the absence of strategic or other legitimate explanations for the purported deficient conduct. To the contrary, this conduct evidences counsel's — albeit unsuccessful — trial strategy to acknowledge the victim's severe injury and focus the issue upon defendant's identity as the perpetrator by calling into question the victim's credibility through her changing story and the lack of physical evidence. Viewed in totality and at the time of representation, we find defendant was provided meaningful representation as counsel actively participated in voir dire of prospective jurors, presented cogent opening and closing statements, vigorously cross-examined witnesses and presented defense witnesses (see People v Malloy, 228 AD3d 1068, 1072 [3d Dept 2024]; People v Lewis, 224 AD3d 1143, 1155 [3d Dept 2024], lv denied 42 NY3d 939 [2024]).
Garry, P.J., Pritzker, Lynch and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: It is of note that the record demonstrates that witnesses were consistently admonished to speak into the microphone, and it appears that counsel was able to hear all testimony.